■ BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT NO. 7, TOWN OF ISLIP, Appellant, v. TOWN OF ISLIP et al., Respondents.— In dismissing the complaint, the Special Term held that plaintiff did not have legal capacity to sue, since it was not a party aggrieved by the assessor's determination that the airport property was exempt from taxation. While it is doubtful that the motion was properly made on the ground stated (cf. *Kittinger* v. *Churchill Evangelistic Assn.*, 239 App. Div. 253, 256; *Field* v. *Allen*, 9 A D 2d 551), the parties have treated the motion as one involving the legal sufficiency of the complaint; we consider the appeal accordingly (cf. *Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81, 87). It is our opinion that the complaint was properly

dismissed. Under the applicable provisions of the Suffolk County Tax Act (see, e.g., §§ 1, 3, 7, 8, 10; L. 1920 ,ch. 311, as amd.), which supersede and which are controlling over inconsistent provisions of the Tax Law (Suffolk County Tax Act, § 32), plaintiff has no power or duty with respect to the assessment or collection of taxes. Its budget is met by taxes on the property on the assessment roll subject to taxation; and plaintiff therefore has no direct interest in the question of whether property has been improperly exempted from taxation. Under the circumstances presented, plaintiff is not aggrieved by the assessor's determination that the airport is exempt, and no justiciable controversy is presented for determination (cf. *Robert E. Tompkins, Inc.*, v. *Security Trust Co. of Rochester*, 277 App. Div. 1090; *Standardbred Owners Assn.* v. *Yonkers Raceway*, 1 A D 2d 882; see, also, *Matter of City of New York* v. *New York Univ.*, 3 A D 2d 954). Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.