■ In the Matter of ROSEMARY S. POOLER, as Executive Director of the New York State Consumer Protection Board, Appellant, v PUBLIC SERVICE COMMISSION et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term entered April 4, 1977 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. Petitioner is the Executive Director of the State Consumer Protection Board and the sole issue presented on this appeal is whether she has the capacity to commence an article 78 proceeding against the Public Service Commission for judicial review of its order in a rate case. The Legislature created the State Consumer Protection Board in 1970 and, among other things, empowered its Executive Director to represent consumers before State administrative and regulatory agencies when so directed by the board (L 1970, ch 294). In 1974 petitioner was granted specific authority to participate in certain rate cases before the Public Service Commission on behalf of the board (L 1974, ch 650) and she duly intervened in the instant matter involving a rate increase requested by the respondent Long Island Lighting Company. Although there can be no question that the board exercises all the rights and privileges of a party in such a proceeding (Public Service Law, § 24-a, subd 2), the Long Island Lighting Company says that those rights terminate with the final order of the commission, whereas petitioner maintains that they include the ability to seek judicial review of the commissioner's directives. We agree with Special Term's acceptance of respondent's argument. While it might be possible for a public entity to be aggrieved by the action of another governmental body, and thus have standing to voice its complaints before a judicial tribunal, the fact remains that even if the petitioner were considered to be aggrieved by the commission's order in this case the Legislature has not seen fit to confer authority on petitioner or the board to sue or be sued. *Matter of Dairylea Coop. v Walkley* (38 NY2d 6), guides us in determining whether one, though not a party, has standing to challenge administrative actions in the courts, but it does not provide assistance when, as here, the narrow question is whether a party, with or without standing, can commence an action or proceeding in the first place. Nothing contained in the Executive Law or the Public Service Law expressly grants that authority to petitioner and, no matter how desirable it might be from petitioner's standpoint, we cannot find it to exist by necessary implication from those powers which the Legislature saw fit to set forth. The board consists of various high-ranking State officials representing a broad range of governmental affairs (Executive Law, § 550). Had the Legislature meant to give the board the status of a separate legal being with the right to initiate litigation in pursuit of its purposes, that intention would surely have been manifested in the legislation by which it was created. However, neither the enactment nor the related legislative history called to our attention reflects such an intention. Judgment affirmed, without costs. Kane, J. P., Main, Larkin and Herlihy, JJ., concur; Mahoney, J., dissents and votes to reverse in the following memorandum. Mahoney, J. (dissenting). The New York State Consumer Protection Board was created by the Legislature (Executive Law, art 20) and the executive director thereof was delegated "the power and duty to * * * promote and encourage the protection of the legitimate interests of consumers within the state" (Executive Law, § 553, subd 2, par b). In furtherance of that duty the Executive Director is authorized to "intervene in, or participate in any proceedings before the public service commission * * * where he deems such * * *

intervention * * * to be necessary or appropriate" (Executive Law, § 553, subd 2, par c), and in any such case where the appellant board shall file with the Public Service Commission a statement of intent to be a party, *"the board shall have and in its discretion may exercise all the rights and privileges of a party"* (emphasis supplied) (Public Service Law, § 24-a, subd 2). Since the Legislature had delegated to petitioner board all the privileges of a *party* in rate-making proceedings before the commission, and since "The test of the right to review is whether the person seeking it was a *party* * * * so as to be concluded by the determination" (emphasis supplied) (24 Carmody-Wait 2d, NY Prac, §§ 145:253-145:254, pp 44-45); it follows that Special Term erred in not giving effect to the clear mandate of the statute. The judgment should be reversed. [89 Misc 2d 700.]