In the Matter of ROBERT F. FLACKE, as Commissioner of Environmental Conservation of the State of New York, Appellant-Respondent, v FRESHWATER WETLANDS APPEALS BOARD OF THE STATE OF NEW YORK et al., Respondents-Appellants.

Third Department, October 23, 1980

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Francis J. Keehan, James A. Sevinsky* and *Shirley Adelson Siegel* of counsel), for appellant-respondent.

*Simpson, Thacher & Bartlett (Whitney North Seymour, Jr., Anthony E. Satula, Jr.,* and *Molly K. Heines* of counsel), for Freshwater Wetlands Appeal Board of the State of New York, respondent-appellant.

*Caffry, Pontiff, Stewart, Rhodes & Judge (H. Wayne Judge*

and *Mark R. Lebowitz* of counsel), for Meadow Run Development Corporation, respondent-appellant.

## OPINION OF THE COURT

MIKOLL, J.

Respondent, Meadow Run Development Corporation (hereinafter Meadow Run) owns the land of Storytown, a tourist attraction in Warren County, New York, located on the easterly side of Route 9. Because of anticipated new business, Meadow Run decided to expand its parking area located west of Route 9. Toward this end, Meadow Run, by letter dated January 19, 1979, requested petitioner Commissioner of Environmental Conservation (hereinafter Commissioner) to determine whether a marshy area, lying between the Northway and Route 9, was a freshwater wetland within the purview of the Freshwater Wetlands Act (ECL art 24).

The Commissioner responded, by letter dated February 9, 1979, with this determination: "The wetland in question which is located between I-87 and Route 9 west of Storytown is a portion of a wetland larger than 12.4 acres. Consequently, this is a protected wetland and a permit pursuant to Article 24, Title 7 is required for any regulated activity in the wetland or in the 100 foot buffer strip surrounding the wetland."

On February 16, 1979, Meadow Run appealed to the Freshwater Wetlands Appeals Board (hereinafter Appeals Board) contending that the subject "property involved is not 12.4 acres in size". In answer, the Commissioner asserted that "[t]he decision, determination or order on appeal here is lawful and proper". The Appeals Board reversed the Commissioner's determination on the ground that it was not sufficiently supported by the record.

The Commissioner then instituted this CPLR article 78 proceeding seeking reinstatement of his determination. Special Term ruled that the Commissioner had standing to challenge the Appeals Board's determination, but that the Appeals Board's reversal was an appropriate exercise of administrative review and had a rational basis. *(Matter of Flacke v Freshwater Wetlands Appeals Bd. of State of N. Y.,* 100 Misc 2d 393.) The instant appeals ensued.

The order and judgment entered at Special Term denying respondent Freshwater Wetlands Appeals Board's motion to

dismiss the petition on the ground the petitioner lacks standing to commence this proceeding against the Board, should be reversed and the motion to dismiss the petition granted.

The Appeals Board is a five-member quasi-judicial body created in the Department of Environmental Conservation pursuant to ECL 24-1101. The powers of the Appeals Board are set forth in ECL 24-1103 which provides in pertinent part: "The commissioner * * * *shall be bound* by the decision of the board except to the extent such decision is reversed or otherwise modified by a court of competent jurisdiction pursuant to this article." (Emphasis added.)

The statute thus requires the Commissioner to adopt the decision of the Appeals Board as his own and, therefore, he would, as it were, be suing himself in attempting to overturn a decision of the Appeals Board. Nothing in the Wetlands Act expressly gives the Commissioner the authority to commence this proceeding nor is there any language therein sufficient to warrant the implication that he has such authority. In its absence the Commissioner lacks the capacity to maintain the instant proceeding and thus lacks standing (see *Matter of Pooler v Public Serv. Comm.,* 58 AD2d 940, affd 43 NY2d 750). In contrast to the claim of the appellant, we note that the Legislature has in certain statutes, by express language granted the public official in charge of the administrative agency the power to seek judicial review of decisions rendered by the agency's appeal board (Executive Law, § 298; Labor Law, § 624 [unemployment insurance appeals]). Similar statutory provisions are lacking in the instant proceeding.

Appellant argues that the holdings expanding standing in *Matter of Fritz v Huntington Hosp.* (39 NY2d 339), *Matter of Dairylea Coop. v Walkley* (38 NY2d 6) and *Boryszewski v Brydges* (37 NY2d 361) require a finding that the Commissioner is an aggrieved person and has standing in this proceeding. However, such is not the case. In the cited cases expanding standing, the parties were private individuals or organizations or taxpayers seeking to redress injury to their private rights or property interests not, as here, a public official in charge of an agency seeking to overturn a decision of the agency's Appeals Board with which he disagrees. Standing has been denied to public officials in situations similar to the one in which the Commissioner now finds himself *(Board of Educ. v Town of Islip,* 15 AD2d 789; *Matter of City of New York v New York Univ.,* 3 AD2d 954).

Moreover, to interpret the Wetlands Act to grant the Commissioner standing by implication would appear to frustrate an evident purpose of the statute—to provide a speedy, inexpensive and expert alternative to judicial review by persons adversely affected by determinations of the Commissioner. ECL 24-1105 (subd 1) permits a party to a decision of the Commissioner to either appeal to the Appeals Board or to institute an article 78 proceeding. It does not seem that the Legislature would have intended that the Commissioner be allowed to prolong the proceedings by taking the successful citizen through the very judicial proceeding he sought to shortcut.

In view of our dismissal of the petition for lack of standing we do not reach a decision on the merits of the Appeals Board's decision.

The order and judgment should be modified, on the law, by reversing so much thereof as denied respondent Freshwater Wetlands Appeals Board's motion to dismiss the petition on the ground the petitioner lacked standing, the motion should be granted and the petition dismissed, and, as so modified, affirmed, with costs.

MAHONEY, P. J., GREENBLOTT, SWEENEY and MAIN, JJ., concur.

Order and judgment modified, on the law, by reversing so much thereof as denied respondent Freshwater Wetlands Appeals Board's motion to dismiss the petition on the ground the petitioner lacked standing, motion granted and petition dismissed, and, as so modified, affirmed, with costs.