OPINION OF THE COURT
Gabrielli, J.
The issue presented in this case is whether the Commissioner of the Department of Environmental Conservation may, by means of an article 78 proceeding, seek review of a determination of the Freshwater Wetlands Appeals Board reversing a determination of his department. A State agency, of course, has only those powers conferred upon it by the Legislature. We conclude today that the Legislature has so empowered the commissioner to challenge an adverse determination of the Freshwater Wetlands Appeals Board.
The Freshwater Wetlands Act (ECL art 24) was promulgated in 1975 to preserve, protect and conserve this State’s freshwater wetlands through regulation of their use and development (ECL 24-0103). Once property has been identified as a freshwater wetland covered by the act, virtually all forms of development are prohibited without first obtaining a permit from the Department of Environmental Conservation. In this case, respondent Meadow Run Development Corporation (Meadow Run) requested the *540 department to determine if land on which the corporation wished to expand an existing parking facility was a freshwater wetland falling within the province of the Freshwater Wetlands Act (see ECL 24-0703, subd 5). The commissioner determined that the property proposed for development was a portion of a wetland larger than 12.4 acres and was, therefore, protected by the act. Meadow Run thereupon appealed to the Freshwater Wetlands Appeals Board, which thereafter overturned the determination of the commissioner.
The commissioner then brought the present article 78 proceeding seeking reinstatement of his determination. After concluding that the commissioner had standing to challenge the determination of the board, Special Term upheld its determination on the merits. On appeal, however, the Appellate Division reversed the order and judgment of Special Term denying respondent board’s motion to dismiss the petition on the ground that the commissioner lacks standing to commence the instant proceeding, and dismissed the petition.
Preliminarily, we note our continued adherence to the principles set forth in Matter of Pooler v Public Serv. Comm. (58 AD2d 940, affd 43 NY2d 750), where it was held that the Executive Director of the State Consumer Protection Board did not have the capacity to commence an article 78 proceeding against the Public Service Commission for judicial review of its order in a rate case. The Appellate Division there noted that although the Legislature had conferred upon the director of the board power to participate in certain rate cases before the commission, it did not confer authority upon the Consumer Protection Board or its director to maintain a suit. This court then affirmed on the memorandum of the Appellate Division.
Respondents now urge that the principles stated in Pooler require a determination in this case that the commissioner is without power to challenge by way of an article 78 proceeding a determination of the Freshwater Wetlands Appeals Board. We cannot agree with this position, for we hold this power is found within the express language of the Freshwater Wetlands Act.
*541 The general power of the commissioner to bring suits in connection with the Freshwater Wetlands Act is provided in subdivision 1 of section 71-0505 of the Environmental Conservation Law. Specifically, this section states, in pertinent part, that “[t]he commissioner shall have the power to bring actions [sic] suits or proceedings as in his judgment may be necessary or proper to perform any of the powers, functions or duties imposed upon him or upon his department * * * by [, among other provisions, article 24,] or to prevent the violation by any person, public or private, of any of the provisions thereof”. The specific power to challenge a determination of the Freshwater Wetlands Appeals Board, although not arising from this section alone, derives from subdivision 2 of section 24-1105 of the Environmental Conservation Law, which provides that “[a]ny determination, decision or order of the board pursuant to this title may be judicially reviewed pursuant to article seventy-eight of the civil practice law and rules in the supreme court for the county in which the freshwater wetlands affected are located”. We find it noteworthy that this section provides that “any” determination of the board may be challenged, and does not limit challenges to determinations of the board which are adverse to the property owner’s development plans. We find further evidence of a legislative intention to grant the commissioner power to initiate the present proceeding in the language of section 24-1103 (subd 2, par e) of the Environmental Conservation Law, particularly when read in conjunction with the above-mentioned provisions. This section provides that the “commissioner * * * shall be bound by the decision of the board except to the extent such decision is reversed or otherwise modified by a court of competent jurisdiction pursuant to this article”. From all of this, we must conclude that the Legislature empowered the commissioner to institute the present challenge to the appeals board’s determination.
This result is consistent with the general legislative scheme for the protection of this State’s vital freshwater wetlands. It is the responsibility of the Department of Environmental Conservation and of its commissioner to carry out the environmental policy of this State (ECL 3-0301) *542 and, as Special Term recognized, “ [i]t is manifest from the provisions of ECL article 24 that the commissioner and the department which he heads have the primary and over-all responsibility for the preservation and protection of New York’s freshwater wetlands” (100 Misc 2d 393, 399). Moreover, we cannot agree that the Legislature intended that the Freshwater Wetlands Appeals Board have final and unreviewable authority to conclude that land found by the Department of Environmental Conservation to be part of a freshwater wetland is outside the scope of the Freshwater Wetlands Act.
Accordingly, the Appellate Division having erroneously determined that the commissioner lacked standing to maintain the present proceeding, the matter should be reversed, with costs, and the matter remitted to the Appellate Division for a determination of the issues not reached by that court.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.