■ In the Matter of ROBERT F. FLACKE, as Commissioner of Environmental Conservation of the State of New York, Appellant-Respondent, v FRESHWATER WETLANDS APPEALS BOARD OF THE STATE OF NEW YORK et al., Respondents-Appellants. — Cross appeals from an order and judgment of the Supreme Court at Special Term (Soden, J.), entered August 29, 1979 in Warren County, which, in a proceeding pursuant to CPLR article 78, denied respondent Freshwater Wetlands Appeals Board's motion to dismiss the petition on the ground that petitioner lacked standing, but dismissed the petition on the merits. When this appeal was first before us, we modified the order of Special Term by reversing so much thereof as denied the Freshwater Wetlands Appeals Board's motion to dismiss the petition on the ground petitioner lacked standing to commence this proceeding, granted the motion, and dismissed the petition, and as so modified, affirmed, without reaching the merits (77 AD2d 66). The Court of Appeals rejected our analysis, found that petitioner had standing to institute this proceeding and remitted the case to this court to determine the remaining issues (53 NY2d 537). The facts are stated in our earlier decision and will not be repeated here. The order and judgment entered at Special Term should be affirmed. Petitioner's assertion that the board exceeded its scope of review and merely substituted its judgment for that of petitioner is rejected. Petitioner has jurisdiction, *inter alia,* over those "individual freshwater wetlands" with an area of twelve and four-tenths acres or more (ECL 24-0301, subd 1). Under ECL 24-0507, jurisdiction over all areas which would qualify as freshwater wetlands, but are not under the control of petitioner because they are less than twelve and four-tenths acres in size, is reserved to the city, town or village in which they are located. The scope of review of the board is limited by subdivision 2 of section 24-1103 of the statute. If a sufficient basis for petitioner's decision existed, the board would not be authorized to substitute its judgment for that of petitioner. The only factual material in the record was that contained in the wetlands investigation. However, that report is untitled, unsigned and undated. Little of either the *report or the* appendices annexed thereto relates specifically to the particular parcel under review. Moreover, the study refers to two Bureau of Fisheries reports, one 23 years old and the other 17 years old. Specifically, as found by the board, petitioner failed to provide information to: "evidence the full size, scope and nature of the entire claimed wetland area, the mixture of vegetation present, the nature of the administrative review of the field work upon which the Commissioner's determination is alleged to have been based, or the nature and scope of the field reviews * * * and other matters such as a clear identification of the sources of materials in the record". Clearly, petitioner's determination lacked a sufficient basis. We reach no other issues. Order and judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Mikoll, JJ., concur.