*851 OPINION OF THE COURT
Edward J. Amann, Jr., J.
The above motions are consolidated for the purpose of this memorandum-decision, because they present identical issues for the court’s determination.
The petitions presently before the court seek a declaration that a 1981 tentative freshwater wetlands map, filed by the Department of Environmental Conservation (hereinafter referred to as DEC), is the final map for Richmond County,[1] as well as, an injunction enjoining the DEC from filing any other "final” map.[2]
The petitioners submit three main arguments in support of their requests for relief. First, they allege the failure of DEC to promulgate a final map within a reasonable time bars the DEC from any future filing. Next, petitioners allege that there is no statutory authorization for the filing of any other tentative map. Finally, the petitioners argue that the failure of the DEC to follow its own Technical Methods Statements in preparing the 1986 tentative map, renders that map void.
The respondents in answering the petition, take issue with the various allegations contained in the verified petitions. Briefly stated, the respondents argue that DEC was neither untimely nor able to promulgate final maps in 1981. They also argue that DEC is mandated by statute to file maps which accurately reflect the current status of wetlands in Richmond County. Finally, respondents argue that the methods employed by DEC were proper, but that even if they weren’t, the maps are only tentative and may be altered or changed before a final map is filed.
The purpose of the Legislature in enacting the Freshwater Wetlands Act was to strike a balance between the requirements of agricultural, economic and social development and environmental conservation. Judicial recognition of the significance of the public trust doctrine[3] has resulted in the imposition of a special duty upon the DEC to safeguard wetlands *852 within the State. (Matter of Flacke v Freshwater Wetlands Appeals Bd., 53 NY2d 537.) This imposition had led to the courts giving great deference to the DEC in its determination as to whether or not a particular area is a wetland or not. (Town of Hempstead v Flacke, 82 AD2d 183.) Keeping this in mind, the court has reviewed the various challenges set forth in the petitions.
With regard to the first argument raised by the petitioners, namely, that the DEC failed to promulgate a final map within a reasonable time and is therefore estopped from revising the 1981 maps, the court finds that the statute does not require the DEC to act within any specific period of time. The statutory scheme calls for the filing of a tentative map, then hearings, corrections of the tentative map and finally, the filing of a final map. The only time limitation contained in the statute is that the final map: "shall not be promulgated less than sixty days from the date of the hearing” (ECL 24-0301 [5]). There is no requirement that the final map be promulgated within any specific time, nor that there be a single tentative map. In fact, the transmittal letter filed in the Richmond County Clerk’s office, dated March 26, 1981, indicates that the copies submitted for filing were of "map quadrangles which are portions of the Tentative Freshwater Wetlands Maps for New York City” (emphasis added). The letter also sets hearing dates for public hearings for Richmond, Bronx, Queens and Kings Counties. The letter clearly states that the map quadrangles contain portions of the wetlands, not the complete wetlands. It also states that they are for the City of New York, not for Staten Island alone. In view of the fact that the hearings and tentative maps encompassed the entire New York City area, with the exception of Manhattan, it is not surprising that it took five years to come up with an official tentative map for Staten Island. Based upon the area involved, as well as the statutory language, the court finds that DEC has acted appropriately in attempting to promulgate an official tentative map for Staten Island.[4]
Petitioners’ next argument is that there is no statutory provision for the filing of any other tentative map. Without belaboring the point, the court would note that there is no *853 statutory language restricting the DEC to the filing of only a single tentative map. It is clear that changing conditions could call for one or more tentative maps. The public hearings, which were held in 1981, and the comments made thereat, were undoubtedly responsible for the filing of an official tentative map in 1986, which encompassed a greater area than the 1981 map. In fact, in a recent challenge brought by two of the petitioners, Justice Kuffner opined that tentative maps may be amended provided the DEC followed the appropriate procedure (Matter of Wedinger v Goldberger, 131 Misc 2d 109). Accordingly, the court finds that the DEC acted properly in filing the official tentative freshwater map.
Finally, petitioners argue that DEC has failed to follow its own Technical Methods Statements and that such a failure renders the 1986 map void. Assuming that the DEC did not follow its own Technical Methods Statements, the map is not thereby rendered void. It is only a tentative map. The arguments made by the petitioners should be raised at the public hearing, which they sought to enjoin, and in their written comments. Thereafter, when a final map is promulgated, petitioners may then seek to challenge the DEC determination either before the Freshwater Wetlands Appeals Board (ECL 24-1101 et seq.) or before the courts in a CPLR article 78 proceeding (ECL 24-1105). At this point their challenge appears premature, because their property may not even be on the final map.
A review of the last argument also reveals that it is premised upon the fact that vegetative growth was used as the sole criteria in determining wetlands classification. The petitioners have failed to submit any evidence to prove their assertion. On the contrary, the DEC has set forth various other criteria used in making the designation.
The court, therefore, finds that the official tentative map is valid and was not improperly filed and gives judgment to the respondents, denying the relief requested and dismissing the petitions herein.[5]

. Throughout their papers, petitioners refer to "final map” and "new final map” — which are erroneous, the court will use the correct designations as they apply to said maps.

. The court has previously decided the other branch of the petitions seeking an injunction (Matter of Rodberg v Department of Envtl. Conservation, Sup Ct, Richmond County, July 2, 1986, Amann, J.).

. This doctrine seeks to impress a public trust on all wetlands (see, Illinois Cent. R. R. v Illinois, 146 US 387 [1892]).

. The court would also note that a finding that the 1981 map was final map, would be an exercise in futility, because even final maps may be amended (ECL 24-0301 [6], [7]).

. Parenthetically, the court would note that the relief requested by petitioners would deprive thousands of Richmond County residents of an opportunity to challenge the 1981 Freshwater Wetlands Map.