■ In the Matter of FRANK BISIGNANO et al., Appellants, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the Department of Environmental Conservation (hereinafter the DEC) from promulgating a freshwater wetlands map for Richmond County different from the 1981 freshwater wetlands map, the petitioners appeal from a judgment of the Supreme Court, Richmond County (Amann, J.), dated July 29, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Pursuant to ECL 24-0301 (1) the DEC was given the authority to "conduct a study to identify and map" freshwater wetlands. Once studies were completed the DEC was to complete a tentative map (ECL 24-0301 [2], [3]) and hold public hearings thereon (ECL 24-0301 [4]). In 1981 the DEC completed a tentative freshwater wetlands map for Richmond County and it held the required public hearings. As a result of those hearings and additional studies an amended tentative map was completed in 1986 and public hearings were held in July 1986. A final map was promulgated in September 1987 *(see, Matter of Wedinger v Goldberger,* 71 NY2d 428, 437).

The petitioners herein and in a related proceeding *(see, Matter of Rodberg v Department of Envtl. Conservation,* 141 AD2d 825 [decided herewith]), are all property owners whose parcels were not part of the 1981 tentative map but were included in the later map. The only difference between the two groups is that the petitioners in this case purchased their properties after the completion of the 1981 map but before the later map was finished, while the petitioners in *Matter of Rodberg v Department of Envtl. Conservation (supra)* all owned their parcels prior to 1981.

In both proceedings the petitioners raise the same issues.

Their basic argument is that ECL 24-0301 does not give the DEC the authority to complete more than one tentative map for a particular area and that after such a map is completed and the required public hearing is held, a final map must be promulgated.

This issue has been recently decided by the Court of Appeals *(see, Matter of Wedinger v Goldberger,* 71 NY2d 428, *supra, affg* 129 AD2d 712). The Court of Appeals made it clear that there is no statutory prohibition to prevent the DEC from completing more than one tentative map before promulgation of a final map:

"We also note that these controversies include appellants' assertions that the statute does not authorize a second tentative mapping. While no one anticipated or desired that the identification and mapping process would span a dozen years, and while the statute does not expressly authorize a second tentative mapping, nothing prohibits this step *(see,* concerns expressed in Memoranda [1] of Association of Towns to Governor Carey [July 24, 1975] and [2] of the Secretary of State to Counsel to Governor [July 25, 1975], both in Governor's Bill Jacket to L 1975, ch 614). This statute, when interpreted reasonably, contemplates a mapping process, however long; it does not create an artificial, intermittently circumscribed jurisdictional anomaly.

"Moreover, appellants and other landowners are not left without remedies. While we cannot pass on the 1987 amendatory legislation, we note that shortly after the Appellate Division rendered its decisions in these cases, additional administrative review and appeal procedures were created especially for Richmond County landowners who may have suffered 'undue hardship' as a result of the second tentative mapping (L 1987, ch 408). That legislation reflects, at the very least, a 1987 statutory recognition of the second tentative mapping step under the 1975 authorization for a mapping process *(see,* ECL 24-1104, 24-1105 [2]; 24-1301 [4])" *(Matter of Wedinger v Goldberger, supra,* at 441).

We have reviewed the petitioners' remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur. *[See,* 132 Misc 2d 850.]