■ Excess Line Association of New York (ELANY), Appellant, v Waldorf & Associates et al., Respondents, et al., Defendant. [13 NYS3d 464]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 3, 2013, which granted the motion of the defendants Waldorf & Associates, Waldorf Risk Solutions, LLC, Waldorf Special Risk, LLC, Waldorf Servicing, LLC, William G. Waldorf, Stephen M. Waldorf, Christopher V. Waldorf, Sr., and Waldorf Family Foundation, Inc., and the separate motion of the defendant Pamela J. Waldorf, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, Excess Line Association of New York (ELANY) (hereinafter ELANY), is a nonprofit association of excess line brokers statutorily created by Insurance Law § 2130. ELANY commenced this action alleging that the defendants conspired to avoid their obligations under the Insurance Law by mischaracterizing policies issued by Lloyd's of London as non-excess line policies. They thereby allegedly avoided excess line taxes as well as the requirement to send premium bearing documents to ELANY for stamping and to pay related stamping

fees. ELANY further alleged that the defendants frustrated its attempts to examine their records. The complaint asserted causes of action sounding in fraud, negligence, and violation of General Business Law §§ 340 and 349, and seeking an accounting of the defendants' records. All of the served defendants except Pamela J. Waldorf (hereinafter collectively the New York defendants) moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1), (3), (5) and (7). Pamela J. Waldorf separately moved to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) based on lack of personal jurisdiction. She also adopted the New York defendants' arguments made in support of their motion. The Supreme Court granted both motions, and ELANY appeals.

The Supreme Court properly granted both motions inasmuch as ELANY both lacked capacity to commence this action and failed to state a cause of action. Capacity to sue "concerns a litigant's power to appear and bring its grievance before the court" (*Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155 [1994]). Entities created by statute "have neither an inherent nor a common-law right to sue. Rather, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate" (*id.* at 155-156; *see Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d 36, 41-42 [2005]; *Matter of Flacke v Freshwater Wetlands Appeals Bd. of State of N.Y.*, 53 NY2d 537 [1981]). Such an entity " 'has no power other than that given it by the Legislature, either explicitly or by necessary implication' " (*Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 156, quoting *Matter of B. T. Prods. v Barr*, 44 NY2d 226, 236 [1978]; *see Matter of Graziano v County of Albany*, 3 NY3d 475, 479 [2004]).

ELANY was created by Insurance Law § 2130. The statute gives ELANY certain duties, mostly relating to receipt of records and preparation of reports, and provides that the services ELANY performs are to be funded by a stamping fee assessed for premium bearing documents submitted to it in accordance with Insurance Law § 2118 (*see* Insurance Law § 2130 [a], [f]). Brokers' records are to be open to examination by ELANY and the Superintendent of Insurance (now the Deputy for Insurance; hereinafter the Superintendent) (*see* Insurance Law § 2118 [c]; Financial Services Law § 203). ELANY must perform its functions under the plan of operation established and approved by the Superintendent and "shall be supervised by the

superintendent" (Insurance Law § 2130 [a]; *see* Insurance Law § 2130 [c]). The Superintendent may impose fines and may suspend or revoke an excess line broker's license for noncompliance with the Insurance Law (*see* Insurance Law §§ 109, 2105 [a]). Contrary to ELANY's contention, none of the provisions of the statute confers upon it by necessary implication the capacity to sue to enforce the provisions of the Insurance Law. Rather, the broad enforcement powers of the Superintendent, the lack of enforcement powers granted to ELANY, and the requirement that ELANY function under the supervision of the Superintendent "negate[ ] any inference of a legislative intent to confer that power" (*City of New York v State of New York*, 86 NY2d 286, 293 [1995]; *see Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 159).

Relatedly, ELANY has no private right of action under the Insurance Law, since it is not one of the class for whose particular benefit the statute was enacted, and, further, because creation of such a right would be inconsistent with the legislative scheme, which places enforcement in the Superintendent (*see* L 1988, ch 630, § 1; *Cruz v TD Bank, N.A.*, 22 NY3d 61, 70 [2013]; *Carrier v Salvation Army*, 88 NY2d 298, 302 [1996]; *HANYS Servs. v Empire Blue Cross & Blue Shield*, 292 AD2d 61, 65 [2002]; *cf. Maimonides Med. Ctr. v First United Am. Life Ins. Co.*, 116 AD3d 207, 218 [2014]). "Where an insurance law is 'intended as a general police regulation, and the violation made punishable solely as a public offense,' the recognition of a private cause of action would be improper" (*Maimonides Med. Ctr. v First United Am. Life Ins. Co.*, 116 AD3d at 218, quoting *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 324 [1983]). ELANY's common-law causes of action are predicated solely on alleged violations of the Insurance Law and its regulations, and thus fail to state a cause of action (*see Assured Guar. [UK] Ltd. v J.P. Morgan Inv. Mgt. Inc.*, 18 NY3d 341, 353 [2011]; *Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236, 245 [2009]). Further, the allegations of the complaint establish that ELANY does not have standing to maintain its causes of action asserted pursuant to General Business Law § 340, since it is "neither a consumer nor a competitor" in the excess line market (*Continental Guest Servs. Corp. v International Bus Servs., Inc.*, 92 AD3d 570, 571 [2012]), or General Business Law § 349, since it is not a consumer and the injury was not directly caused by the deceptive conduct (*see City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d 616, 621-622 [2009]; *Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200, 207 [2004]).

Accordingly, the Supreme Court properly granted the New

York defendants' motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) based on lack of capacity and failure to state a cause of action. Since Pamela J. Waldorf, in her separate motion, adopted the arguments made by the New York defendants on their motion, her motion to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) could also have been properly granted on those bases, and we need not reach her proposed alternate ground for affirmance (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]).

In light of this determination, the parties' remaining contentions have been rendered academic. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.