■ LaFayette Central School District et al., Appellants, v Niagara Mohawk Power Corporation et al., Respondents. — Order unanimously reversed, without costs, action converted to a CPLR article 78 proceeding, and petition reinstated. Memorandum: Plaintiffs brought this action in declaratory judgment form, seeking a declaration that defendant Niagara Mohawk Power Corporation (Niagara Mohawk) is not entitled to a certain partial business investment exemption from school taxes which was granted by the Boards of Assessors of the Towns of LaFayette and Fabius, and that said Boards of Assessors had improperly granted the exemption. ¶ By resolution adopted March 23, 1982, plaintiff school district, acting pursuant to subdivision 7 of section 485-b of the Real Property Tax Law, eliminated the business investment tax exemption otherwise permitted under that section and promptly gave notice thereof to the assessors of both towns. Niagara Mohawk made applications to the towns for partial tax exemption for new construction of its transmission line and the assessors of both towns approved the exemption from town, county and school taxes. The exemption appeared on the tentative tax rolls, required to be filed on or before June 1 (Real Property Tax Law, § 506), as well as on the final tax roll required to be filed on or before August 1 (Real Property Tax Law, § 516). ¶ This action was commenced on October 11, 1982. Special Term properly viewed the action as an article 78 proceeding for Statute of Limitations purposes. (*Solnick v Whalen,* 49 NY2d 224) but did not enter an order converting it. We do so now (CPLR 103, subd [c]). ¶ Reasoning that a tentative assessment roll, once filed, cannot be changed except upon a grievance by a taxpayer (see *Matter of Henderson v Silco,* 36 AD2d 439). Special Term concluded that the accrual date for an article 78 proceeding was June 1, the last date for the filing of the tentative assessment roll, and dismissed the action as untimely. We disagree. ¶ The parties concede that the four-month statute (CPLR 217) is applicable. The Court of Appeals implicitly has held that the accrual date for an article 78 challenge to an assessment roll is the date of filing of the final assessment roll (*Matter of Dudley v Kerwick,* 52 NY2d 542). Thus viewed, the proceeding was timely commenced. (Appeal from order of Supreme Court, Onondaga County, Murphy, J. — declaratory judgment.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.