■ GLOBAL FROZEN FOOD et al., Appellants-Respondents, v

COUNTY OF NASSAU et al., Respondents, and VALLEY STREAM UNION FREE SCHOOL DISTRICT No. 13, Respondent-Appellant.— In a proceeding pursuant to CPLR article 78, *inter alia,* to compel reimbursement of excess taxes paid as a result of certain school district resolutions purporting to opt out of the tax exemptions provided by RPTL 485-b, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered June 22, 1987, as dismissed the proceeding, and the Valley Stream Union Free School District No. 13 cross-appeals from so much of the same order and judgment as authorized the petitioners "that have filed article 7 proceedings" to commence actions against it for tax refunds.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

By petition dated February 11, 1986, the petitioners brought the instant proceeding pursuant to CPLR article 78, *inter alia,* to compel either the respondent school districts in which they owned real property or the respondents County of Nassau, the Board of Assessors of the County of Nassau and the Treasurer of the County of Nassau to refund excess taxes paid by them beginning with the 1983/1984 tax year. The petition alleged, *inter alia,* that pursuant to the decision of the Court of Appeals in *Matter of Walker v Board of Assessors* (66 NY2d 702), "both the School Districts and the County of Nassau are now under a legal duty to refund the excess taxes collected".

The respondent school districts moved to dismiss the proceeding on the ground, *inter alia,* that they were not proper parties, and the county respondents moved to dismiss on the ground, *inter alia,* that the applicable Statute of Limitations had expired. The Supreme Court found that the proceeding had not been timely commenced within the applicable four-month period of limitation, measured from the date of filing of the final assessment roll, and dismissed the proceeding as time barred.

We find unpersuasive the petitioners' contention that the applicable four-month period of limitation (CPLR 217) did not begin to run until the Court of Appeals decided *Matter of Walker v Board of Assessors (supra).* The accrual date for a cause of action challenging an entry on an assessment roll is the date of filing of the final assessment roll *(see, Matter of Dudley v Kerwick,* 52 NY2d 542; *see also, LaFayette Cent.*

*School Dist. v Niagara Mohawk Power Corp.,* 101 AD2d 1015). At bar, the four-month period commenced on August 1 of each tax year in which assessments were challenged, which is the date of filing of the final assessment roll in Nassau County (Nassau County Administrative Code § 6-17.0). Thus the period of limitation expired on December 1 of each tax year in which assessments were challenged. Therefore, this proceeding, commenced by the petitioners in February 1986 challenging assessments made on the 1983/1984, 1984/1985, and 1985/1986 assessment rolls, was untimely.

We additionally note that the Supreme Court erred in holding that the petitioners could commence proceedings against the school districts for tax refunds, inasmuch as Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves the school districts from liability for such tax refunds *(see, Corporate Prop. Investors v Board of Assessors,* 153 AD2d 656 [decided herewith]).

In light of the foregoing, we need not address the petitioners' remaining contentions. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.