■ In the Matter of ADVENTIST HOME, INC., Appellant, v BOARD OF ASSESSORS OF THE TOWN OF LIVINGSTON et al., Respondents. [597 NYS2d 216] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered January 15, 1992 in Columbia County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, dismissed the petition as untimely.

Petitioner challenges the 1990 real property tax assessment of a portion of its property located in the Town of Livingston,

Columbia County. In our view, Supreme Court properly dismissed the matter as time barred. In reaching this conclusion, we initially note that it is not disputed that the four-month Statute of Limitations set forth in CPLR 217 is applicable *(see generally, Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 78 NY2d 194). Here, that period began to run on July 1, 1990, the date of the filing of the final assessment roll *(see, supra; Global Frozen Food v County of Nassau,* 153 AD2d 669; *LaFayette Cent. School Dist. v Niagara Mohawk Power Corp.,* 101 AD2d 1015). Therefore, because suit was not commenced until May 10, 1991, it was untimely *(see, Press v County of Monroe,* 50 NY2d 695).

Nor can we accept petitioner's assertion that the Statute of Limitations was tolled because it never received a notice of determination on the grievance of its assessment as required by Real Property Tax Law § 525 (4). Although that statute requires such a notice to be mailed, it also specifically provides that the "[f]ailure to mail any such notice or failure * * * to receive the same shall not affect the validity of the assessment". Furthermore, the final assessment roll, a matter of public record, was filed after the grievance. At that point in time, petitioner was in the same position as any other taxpayer charged with the knowledge of the filing of the final assessment roll *(see, e.g., Global Frozen Food v County of Nassau, supra).* In any event, even if an extension of the limitations period based on a lack of notice was warranted, petitioner conceded that it received a tax bill on or about December 28, 1990 advising it of the taxes due on the subject property. That bill served as notice of the final assessment. Nevertheless, the proceeding was not commenced within four months of that date and thus was still untimely.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.