■ In the Matter of Antonio Cerro, Appellant, v Town of Kingsbury et al., Respondents. [706 NYS2d 238] —Carpinello, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered February 2, 1999 in Washington County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint as, *inter alia*, untimely.

Petitioner is the owner of real property in the Town of Kingsbury, Washington County. In 1996, the Town Board of respondent Town of Kingsbury voted to undertake a Town-wide revaluation for use in the preparation of the 1998 assessment roll. In furtherance thereof, the Town entered into a contract with respondent Appraisal Consultants, a private company. Petitioner was in attendance at the Town Board meeting when the applicable resolutions were discussed and passed.

On or about April 28, 1998, petitioner received a notice that his residence had been assessed at $129,000. He thereafter availed himself of the right to appeal this determination to respondent Board of Assessment Review which convened on May 26, 1998 to entertain such grievances. By notice dated June 18, 1998, petitioner was advised that his application for a reduction in his assessment had been denied. The Town's completed

assessment roll was filed by respondent Town Assessor with the Town Clerk on July 2, 1998 and notice of the filing was published on July 9, 1998.

Eschewing his right to further challenge his assessment via the informal small claims review procedure set forth in title 1-A of article 7 of the Real Property Tax Law, petitioner instead chose to commence this CPLR article 78 proceeding against, among others, the Town, its Assessor and its Board of Assessment Review, respondent Washington County, its Director of Real Property Tax Services and Appraisal Consultants, claiming, among other things, that they had "conspire[d] to fraudulently extort undue money from the taxpayer." More particularly, petitioner attempted to commence this proceeding by filing an unsigned order to show cause and supporting petition/complaint with the Clerk of the court on November 4, 1998. Petitioner's proposed order to show cause was not signed by a Justice of the Supreme Court until November 12, 1998. Not surprisingly, respondents moved to dismiss the petition claiming that the proceeding was barred by the applicable four-month Statute of Limitations (*see*, CPLR 217 [1]) and/or failed to state a legally cognizable claim. Supreme Court agreed and dismissed the petition. We affirm.

Since the filing of an unsigned order to show cause is "of no legal effect" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 717), petitioner's proceeding was not commenced until November 12, 1998 at the earliest (as opposed to November 4, 1998 as observed by Supreme Court). Consequently, whether the Statute of Limitations began to run on July 2, 1998, the date the assessment roll was filed, as respondents contend (*see*, *Matter of Adventist Home v Board of Assessors*, 192 AD2d 1044, 1045, *affd* 83 NY2d 878), or July 9, 1998, the date the notice of filing was published, as petitioner contends (*see*, RPTL 702 [2] [applicable to RPTL article 7 reviews of individual assessments of real property]), the proceeding was still untimely. Petitioner's remaining arguments have been reviewed and found to be without merit.

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.