■ WALTER NOGA et al., Appellants, v PAUL W. HARRIS FUNERAL HOME, INC., Respondent. (Appeal No. 2.) — Judgment unanimously affirmed, without costs. (Appeal from judgment of Monroe Supreme Court — negligence.) Present — Dillon, P. J., Schnepp, Callahan, Doerr and Witmer, JJ.

■ In the Matter of RAER CORPORATION, Appellant, v VILLAGE BOARD OF TRUSTEES OF THE VILLAGE OF CLIFTON SPRINGS, Acting as the Board of Assessment Review of the Village of Clifton Springs, Respondent. — Order unanimously affirmed, without costs. Memorandum: In its application to respondent board of assessment review for reduction of the new assessment on its real property petitioner appeared by attorney and made an oral request. On an adjourned date it presented several evidentiary documents to the board. It filed no complaint or document specifying the relief which it sought. After further adjournment respondent board denied the application. In response to petitioner's petition for judicial review of that denial, respondent moved for dismissal on the ground that the court lacks jurisdiction for failure of petitioner to comply with sections 512, 706 and 1408 of the Real Property Tax Law. Such statutes provide that an owner of real property may protest the tax assessment thereon by timely filing with the board of assessment review a complaint, certified or under oath, specifying the grounds upon which the assessment is claimed to be incorrect. Although in construing such statutes the courts have stated that basic compliance therewith is jurisdictional, they have ruled in general that if a complaint or a reasonable substitute therefor has been timely filed with the review board, that gives jurisdiction, and that other requirements are procedural and may be supplied by amendment or may be deemed waived by action of the board *(Matter of City of Little Falls v Board of Assessors of Town of Salisbury,* 68 AD2d 734; *Matter of DHI Mgt. Agency v City of Yonkers,* 67 AD2d 913; *Matter of Henderson v Silco,* 36 AD2d 439; *People ex rel. Irving Trust Co. v Miller,* 264 App Div 270, 272; *People ex rel. Empire Mtge. Co. v Cantor,* 190 App Div 512, 516; *Matter of Romas v Huffcut,* 39 Misc 2d 872). In the case at bar petitioner contends that respondent had jurisdiction and waived the deficiencies in the application. Despite our desire to give liberal construction to these statutes, we are not at liberty to disregard them or in effect annul them. As the above cases indicate, some written complaint must be filed with the board of assessment review indicating the owner's grievance; and such was not done here. Absent that, the board and the court are without jurisdiction *(Matter of Onteora Club v Board of Assessors of Town of Hunter,* 17 AD2d 1008, affd 13 NY2d 1170; *Matter of City of Little Falls v Board of Assessors of Town of Salisbury,* 68 AD2d 734, 738-739, *supra; Matter of Rab Co. Highland House Apts. v Tompkins County Bd . of Assessment Review,* 68 AD2d 374; *People ex rel. Irving Trust Co. v Miller,* 264 App Div 270, 272, *supra; Matter of 1600 Elmwood Ave. v Wiles,* 42 Misc 2d 759). (Appeal from order of Monroe Supreme Court — assessment.) Present: Dillon, P. J., Schnepp, Callahan, Doerr and Witmer, JJ.