■ In the Matter of BOWERY SAVINGS BANK, Appellant, v BOARD OF ASSESSORS et al., Respondents.—In a proceeding pursuant to RPTL article 7 challenging the assessment of certain real property as excessive, the petitioner Bowery Savings Bank appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated May 29, 1987, as, (1) upon severing that branch of the petition which the "petitioner claims alleges that the assessed valuation of the property is excessive by reason of the failure to extend the exemption afforded by Section 485-b of the Real Property Tax Law", converted the severed branch of the petition into "an action for declaratory judgment and for other relief", (2) granted that branch of the motion of the Board of Assessors and the Board of Assessment Review of the County of Nassau which was to join the Valley Stream Union Free School District No. 30 as "a party respondent" to the action as severed and converted, and (3) denied its motion, *inter alia,* for partial summary judgment on the issue of its entitlement to a refund of excess taxes paid for the 1985/1986 tax year as a result of the improper removal of the tax exemption provided by Real Property Tax Law § 485-b, without prejudice to renewal after joinder of the Valley Stream Union Free School District No. 30 as a party respondent.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion of the Board of Assessors and the Board of Assessment Review of the County of Nassau which was for leave to join the Valley Stream Union Free School District No. 30 as a party respondent is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The antecedent factual and procedural history of this case is described, in part, in this court's decision in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]).

Pursuant to judicial mandate, in August 1985 the Board of Assessors of the County of Nassau removed from the assessment rolls the RPTL 485-b exemptions of taxpayers owning property in the Valley Stream Union Free School District No. 30 and the Jericho Union Free School District No. 15 school districts, effective with the 1985/1986 school tax year *(see, Matter of McAuliffe v Board of Assessors,* Sup Ct, Nassau County, Aug. 4, 1986, Harwood, J.; *Matter of Jericho Union Free School Dist. No. 15 v Board of Assessors,* Sup Ct, Nassau County, Feb. 18, 1986, Molloy, J., *mod on other grounds* 131 AD2d 482). Several affected taxpayers, including the appellant herein, commenced proceedings pursuant to Real Property Tax Law article 7 against the Board of Assessors and the Board of Assessment Review of the County of Nassau (hereinafter the county respondents) to recover tax refunds on the ground, *inter alia,* that their 1985/1986 school tax assessments were excessive. The school districts were not named as parties to these proceedings.

Thereafter, these petitioners moved for summary judgment based upon the decision of the Court of Appeals in *Matter of Walker v Board of Assessors* (66 NY2d 702) to compel the county respondents, in pertinent part, to refund any excess real property taxes paid as a result of the improper denial of the exemption provided by RPTL 485-b together with statutory interest. The county respondents moved to dismiss the petitions on the ground, *inter alia,* of the failure to join the school districts as indispensable parties.

The Supreme Court in a joint decision addressed to several actions and proceedings held that the petitioners were not entitled to summary judgment on the issue of refund liability against the county respondents and directed that the school districts be joined as party respondents so that "complete relief" might be afforded the parties. To overcome the provisions of the Nassau County Administrative Code effectively precluding joinder of Nassau County school districts in tax certiorari proceedings *(see,* Nassau County Administrative Code §§ 6-17.3, 6-26.0), the court severed the taxpayers' claims for refunds resulting from the allegedly improper elimination of their RPTL 485-b exemptions and converted them into actions for declaratory judgments.

The Supreme Court erred in granting that branch of the

county respondents' motion which was to compel joinder of the Valley Stream Union Free School District No. 30 as a party to the instant proceeding pursuant to RPTL article 7 and in converting that branch of the petition which was for a refund into an action for a declaratory judgment to accomplish this end. Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves the school districts from liability for the tax refunds *(see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, 1038-1039, *affd* 61 NY2d 695, citing *Matter of Sperry Rand Corp. v Board of Assessors,* 77 AD2d 822). Inasmuch as school districts in Nassau County have no direct financial interest in the outcome of the proceeding in the form of potential liability to the appellant for a tax refund, they are not indispensable parties to the proceeding *(see,* CPLR 3211 [a] [10]; 1001 [b]).

With respect to the appellant's motion for summary judgment against the county respondents on the issue of refund liability, we note that the timely filing of an administrative complaint with the Board of Assessors of the County of Nassau, particularizing the assessment complained of, constitutes a statutory prerequisite to recovery in an RPTL article 7 proceeding *(see,* RPTL 706 [2]; 512, 524 [3]; Nassau County Administrative Code § 6-11.0 *et seq.; see also, Matter of Sterling Estates v Board of Assessors,* 66 NY2d 122, 125-127; *Matter of Raer Corp. v Village Bd. of Trustees,* 78 AD2d 989). On this record, we cannot determine the appellant's compliance with the administrative review procedure or with the statutory prerequisites to judicial review *(see, e.g.,* RPTL 702 [2]; Nassau County Administrative Code §§ 6-17.0, 6-17.2, 6-17.3). Accordingly, the matter is remitted to the Supreme Court, Nassau County, for the proper disposition of the appellant's motion for summary judgment on the issue of refund liability against the county respondents and the taking of such evidence as the court may direct in its discretion *(see generally,* RPTL 720). In light of this determination, we do not consider the effect of Laws of 1989 (ch 702) on the county respondents' liability, if any.

The other contentions of the parties are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.