◼ In the Matter of EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent-Appellant, v BOARD OF ASSESSORS et al., Respondents, and VALLEY STREAM UNION FREE SCHOOL DISTRICT No. 30, Appellant-Respondent.—In a proceeding pursuant to RPTL article 7 challenging the assessment of certain real property as excessive, the Valley Stream Union Free School District No. 30 appeals, as limited by its notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), dated May 27, 1987, as held that it is liable for refunds of excess taxes paid, and, upon granting that branch of the petitioner's motion which was for partial summary judgment for refunds of excess taxes paid, is in favor of the petitioner and against it in the sum of $230,840.59, and the petitioner Equitable Life Assurance Society of the United States cross-appeals from so much of the same order and judgment as denied it prejudgment interest on the tax refund awarded.

Ordered that the order and judgment is reversed insofar as appealed from and cross-appealed from, on the law, without costs or disbursements, that branch of the petitioner's motion which was for partial summary judgment for refunds of excess taxes paid is denied, the proceeding is dismissed as against the

appellant-respondent, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The antecedent factual and procedural history of this case is described in the decisions of this court in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]) and *Matter of Bowery Sav. Bank v Board of Assessors* (153 AD2d 679 [decided herewith]).

Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves the school districts from liability for the tax refunds in question *(see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, 1038-1039, *affd* 61 NY2d 695, citing *Matter of Sperry Rand Corp. v Board of Assessors,* 77 AD2d 822). Inasmuch as school districts in Nassau County have no direct financial interest in the outcome of the proceeding in the form of potential liability to the petitioner for a tax refund, the proceeding is dismissed as against the appellant-respondent.

With respect to that branch of the petitioner's motion which was for the alternative relief of summary judgment against the Board of Assessors and the Board of Assessment Review of the County of Nassau, we note that the timely filing of an administrative complaint with the Board of Assessors of the County of Nassau, particularizing the assessment complained of, constitutes a statutory prerequisite to recovery in an RPTL article 7 proceeding *(see,* RPTL 706 [2]; 512, 524 [3]; Nassau County Administrative Code § 6-11.0 *et seq.; see also, Matter of Sterling Estates v Board of Assessors,* 66 NY2d 122, 125-127; *Matter of Raer Corp. v Village Bd. of Trustees,* 78 AD2d 989). On this record, we cannot determine the petitioner's compliance with the administrative review procedure or with the statutory prerequisites to judicial review *(see, e.g.,* RPTL 702 [2]; Nassau County Administrative Code §§ 6-17.0, 6-17.2, 6-17.3). Accordingly, the matter is remitted to the Supreme Court, Nassau County, for the proper disposition of that branch of the petitioner's motion which was for partial summary judgment on the issue of refund liability against the county respondents and the taking of such evidence as the court may direct in its discretion *(see generally,* RPTL 720). In light of this determination, we do not consider the effect of Laws of 1989 (ch 702) on the county respondents' liability, if any.

We note that any final judgment in this proceeding which

awards a tax refund should direct the payment of interest thereon (RPTL 726 [1] [c]).

The other contentions of the parties are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.