■ In the Matter of NEWBANY CORPORATION, Appellant, v BOARD OF ASSESSORS et al., Respondents.—In consolidated proceedings pursuant to RPTL article 7 challenging the assessment of certain real property as excessive, the petitioner Newbany Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated May 29, 1987, as, (1) upon severing those branches of the petitions which the "petitioner claims [allege] that the assessed valuation of the property is excessive by reason of the failure to extend the exemption afforded by Section 485-b of the Real Property Tax Law", converted the severed branches of the petitions into "an action for declaratory judgment and for other relief", (2) granted that branch of the motion of the Board of Assessors and the Board of Assessment Review of the County of Nassau which was to join the Uniondale Union Free School District No. 2 as "a party respondent" to the action as severed and converted, and (3) denied its motion, *inter alia,* for partial summary judgment on the issue of its entitlement to a refund of excess taxes paid as a result of the improper removal of the tax exemption provided by RPTL 485-b, without prejudice to renewal after joinder of the Uniondale Union Free School District No. 2 as a party respondent.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion of the Board of Assessors and the Board of Assessment Review of the County of Nassau which was to join the Uniondale Union Free School District No. 2 as a party respondent is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The antecedent factual and procedural history of this case is described in the decisions of this court in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]) and *Matter of Bowery Sav. Bank v Board of Assessors* (153 AD2d 679 [decided herewith]).

The Supreme Court erred in granting that branch of the motion of the Board of Assessors and the Board of Assessment Review of the County of Nassau (hereinafter the county respondents) which was to compel joinder of the Uniondale Union Free School District No. 2 as a party to the instant proceeding pursuant to RPTL article 7 and in converting

those branches of the petitions which were for refunds into an action for a declaratory judgment to accomplish this end. Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves the school districts from liability for the tax refunds in question (see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review, 91 AD2d 1037, 1038-1039, affd 61 NY2d 695, citing Matter of Sperry Rand Corp. v Board of Assessors, 77 AD2d 822). Inasmuch as school districts in Nassau County have no direct financial interest in the outcome of the proceeding in the form of potential liability to the appellant for a tax refund, they are not indispensable parties to the proceedings (see, CPLR 3211 [a] [10]; 1001 [b]).

With respect to the appellant's motion for summary judgment against the county respondents on the issue of refund liability, we note that the timely filing of an administrative complaint with the Board of Assessors of the County of Nassau, particularizing the assessment complained of, constitutes a statutory prerequisite to recovery in an RPTL article 7 proceeding (see, RPTL 706 [2]; 512, 524 [3]; Nassau County Administrative Code § 6-11.0 et seq.; see also, Matter of Sterling Estates v Board of Assessors, 66 NY2d 122, 125-127; Matter of Raer Corp. v Village Bd. of Trustees, 78 AD2d 989). On this record, we cannot determine the appellant's compliance with the administrative review procedure or with the statutory prerequisites to judicial review (see, e.g., RPTL 702 [2]; Nassau County Administrative Code §§ 6-17.0, 6-17.2, 6-17.3). Accordingly, the matter is remitted to the Supreme Court, Nassau County, for the proper disposition of the appellant's motion for summary judgment on the issue of refund liability against the county respondents and the taking of such evidence as the court may direct in its discretion (see generally, RPTL 720). In light of this determination, we do not consider the effect of the Laws of 1989 (ch 702) on the county respondents' liability, if any.

The other contentions of the parties are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.