In the Matter of PHOENIX CAPITAL AND MANAGEMENT CORP., Respondent-Appellant, v BOARD OF ASSESSORS et al., Respondents, and VALLEY STREAM UNION FREE SCHOOL DISTRICT No. 24, Appellant-Respondent.—In a proceeding pursuant to RPTL article 7 challenging the assessment of certain real property as excessive, the Valley Stream Union Free

School District No. 24 appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated June 9, 1987, as (1) granted that branch of the motion of the Board of Assessors and the Board of Assessment Review of the County of Nassau which was to join it as a party respondent, and (2) upon the appellant-respondent's motion for reargument, held that it was a necessary party, and the petitioner Phoenix Capital and Management Corp. cross-appeals, as limited by its brief, from so much of the same order, as, (1) upon severing that portion of the petition which "alleges that the assessed valuation of the property is excessive by reason of the failure to extend the exemption afforded by Section 485-b of the Real Property Tax Law", converted the severed claim into "an action for declaratory judgment and for other relief", (2) granted that branch of the motion of the Board of Assessors and the Board of Assessment Review of the County of Nassau which was to join the Valley Stream Union Free School District No. 24 as "a party respondent" to the action as severed and converted, and (3) denied its motion, *inter alia,* for partial summary judgment on the issue of its entitlement to a refund of excess taxes paid for the 1985/1986 tax year as a result of the improper removal of the tax exemption provided by RPTL 485-b, without prejudice to renewal after joinder of the Valley Stream Union Free School District No. 24 as a party respondent.

Ordered that the order is reversed insofar as appealed from and cross-appealed from, on the law, without costs or disbursements, that branch of the motion of the Board of Assessors and the Board of Assessment Review of the County of Nassau which was to join the Valley Stream Union Free School District No. 24 as a party respondent is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The antecedent factual and procedural history of this case is described in the decisions of this court in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]) and *Matter of Bowery Sav. Bank v Board of Assessors* (153 AD2d 679 [decided herewith]).

The Supreme Court erred in granting that branch of the motion of the Board of Assessors and the Board of Assessment Review of the County of Nassau (hereinafter the county respondents) which was to compel joinder of the Valley Stream Union Free School District No. 24 as a party to the instant proceeding pursuant to RPTL article 7 and in converting that branch of the petition which was for a refund into an

action for a declaratory judgment to accomplish this end. Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves the school districts from liability for the tax refunds in question *(see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review, 91 AD2d 1037, 1038-1039, affd 61 NY2d 695, citing Matter of Sperry Rand Corp. v Board of Assessors, 77 AD2d 822).* Inasmuch as school districts in Nassau County have no direct financial interest in the outcome of the proceeding in the form of potential liability to the petitioner for a tax refund, they are not indispensable parties to the proceeding *(see,* CPLR 3211 [a] [10]; 1001 [b]).

With respect to the petitioner's motion for summary judgment against the county respondents on the issue of refund liability, we note that the timely filing of an administrative complaint with the Board of Assessors of the County of Nassau, particularizing the assessment complained of, constitutes a statutory prerequisite to recovery in an RPTL article 7 proceeding *(see,* RPTL 706 [2]; 512, 524 [3]; Nassau County Administrative Code § 6-11.0 et seq.; see also, Matter of Sterling Estates v Board of Assessors, 66 NY2d 122, 125-127; Matter of Raer Corp. v Village Bd. of Trustees, 78 AD2d 989).* On this record, we cannot determine the petitioner's compliance with the administrative review procedure or with the statutory prerequisites to judicial review *(see, e.g.,* RPTL 702 [2]; Nassau County Administrative Code §§ 6-17.0, 6-17.2, 6-17.3).* Accordingly, the matter is remitted to the Supreme Court, Nassau County, for the proper disposition of the petitioner's motion for summary judgment on the issue of refund liability against the county respondents and the taking of such evidence as the court may direct in its discretion *(see generally,* RPTL 720).* In light of this determination, we do not consider the effect of Laws of 1989 (ch 702) on the county respondents' liability, if any.

The other contentions of the parties are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.