■ In the Matter of the ESTATE OF HERBERT ROGOWSKY, Appellant, v BOARD OF ASSESSMENT REVIEW OF THE VILLAGE OF PORT CHESTER et al., Respondents. [595 NYS2d 530] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to correct the 1990 assessment roll by deleting the increase in assessed valuation for the subject property and to refund any overpayment of taxes caused by that assessment, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Palella, J.), dated December 20, 1990, which denied the petition without prejudice to the commencement of a proceeding pursuant to RPTL article 7.

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly determined that the petitioner was required to proceed pursuant to RPTL article 7 in order to challenge the subject property assessment *(see, Niagara Mohawk Power Corp. v City School Dist.,* 59 NY2d 262, 268). The petitioner's reliance on *Matter of Krugman v Board of*

*Assessors* (141 AD2d 175), was properly rejected by the court as being misplaced. Unlike the situation in *Krugman,* the challenge herein is not to the method employed by the Assessor, but rather to the individual reevaluation of the subject property. It is alleged that the reevaluation was a response to a complaint prompted by an allegedly political motive *(cf., Samuels v Town of Clarkson,* 91 AD2d 836, 837). While such action would be illegal, it must be redressed in a proceeding under RPTL article 7. Since there is no claim that the Assessor engaged in more than one politically-motivated reassessment, her action cannot be classified as a methodology. Thus, the petitioner was properly precluded from mounting a collateral attack in an proceeding pursuant to CPLR article 78 *(see, Matter of Krugman v Board of Assessors, supra,* at 180). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.