■ TINA LAVOIE et al., Respondents, v ASSESSOR OF THE TOWN OF KENT et al., Appellants, et al., Defendants. [635 NYS2d 97] —In an action for a judgment declaring void the assessment of the plaintiffs' real property, the defendants the Assessor of the Town of Kent, the Town of Kent, and the Carmel Central

School District appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated June 30, 1994, as denied the motion of the defendants the Assessor of the Town of Kent and the Town of Kent, in effect, to dismiss the complaint insofar as it is asserted against them due to the plaintiffs' failure to exhaust their administrative remedies.

Ordered that the appeal of the defendant the Carmel Central School District is dismissed since it is not aggrieved by the portion of the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the motion to dismiss is granted, and the complaint is dismissed insofar as it is asserted against the appellants; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiffs' challenge to the assessment of their property, despite how it was termed in the complaint, is one properly brought pursuant to Real Property Tax Law article 7 (see, 5A Warren's Weed, Taxes and Assessments, § 5.01; RPTL art 7; Niagara Mohawk Power Corp. v City School Dist., 59 NY2d 262; Matter of Board of Mgrs. v Board of Assessors, 202 AD2d 417; Matter of Estate of Rogowsky v Board of Assessment Review, 191 AD2d 697). However, a condition precedent to bringing such a suit is the exhaustion of one's administrative remedies pursuant to Real Property Law article 5 (see, 5A Warren's Weed, Taxes and Assessments, § 5.01; RPTL art 7; Niagara Mohawk Power Corp. v City School Dist., supra; Matter of Onteora Club v Board of Assessors, 17 AD2d 1008, affd 13 NY2d 1170). The plaintiffs' alleged oral complaints to the tax assessor are insufficient to satisfy this condition precedent to judicial review (see, Matter of Raer v Village Bd. of Trustees, 78 AD2d 989).

We have considered the appellants' remaining contentions and find them to be academic or without merit. O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.