■ In the Matter of HOWARD J. CORNWELL et al., Appellants, v TOWN OF ESPERANCE et al., Respondents. [676 NYS2d 258] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered November 7, 1997 in Schoharie County, which, in a proceeding pursuant to CPLR article 78, dismissed petitioners' application for failure to exhaust administrative remedies, and (2) from the judgment entered thereon.

Petitioners commenced this proceeding pursuant to CPLR article 78 contending that the reassessment of their property after it was severed from a larger tract of land was selective and arbitrary. Respondents answered and requested dismissal of the petition on grounds that, *inter alia*, the proceeding was one properly brought pursuant to RPTL article 7 and that petitioners failed to exhaust their administrative remedies. Supreme Court dismissed the petition for failure to exhaust administrative remedies and petitioners appeal.

We affirm. A review of the petition reveals that petitioners'

challenge is directed at the alleged overvaluation reflected in their individual assessment, rather than the assessor's jurisdiction to tax, the method of taxation employed or the legality of the tax itself. Hence, a proceeding pursuant to RPTL article 7 was their exclusive remedy (see, *Hewlett Assocs. v City of New York*, 57 NY2d 356, 363-364; *Matter of Krugman v Board of Assessors*, 141 AD2d 175, *appeal withdrawn* 73 NY2d 872). A statutory prerequisite to commencing such a proceeding, however, is the exhaustion of administrative remedies by timely filing a written complaint with respondent Board of Assessment Review of the Town of Esperance (see, RPTL 706 [2]; 512, 524 [3]; see also, *Lavoie v Assessor of Town of Kent*, 222 AD2d 561, 562; *Matter of Raer Corp. v Village Bd. of Trustees*, 78 AD2d 989, *lvs dismissed* 53 NY2d 602, 677; *Matter of Bertholf v Cisco*, 72 Misc 2d 901, 902, *affd* 45 AD2d 787). Inasmuch as petitioners failed to comply with this statutory and administrative condition precedent to judicial review, dismissal of the petition for failure to exhaust administrative remedies was warranted (see, *Lavoie v Assessor of Town of Kent, supra*, at 562).

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order and judgment are affirmed, without costs.