In the Matter of STEEL LOS III/GOYA FOODS, INC., Appellant-Respondent, v BOARD OF ASSESSORS OF COUNTY OF NASSAU et al., Respondents-Appellants, and BETHPAGE UNION FREE SCHOOL DISTRICT, Intervenor-Respondent. (Matter No. 1.) BETHPAGE UNION FREE SCHOOL DISTRICT et al., Respondents, v NASSAU COUNTY et al., Respondents-Appellants, and GOYA FOODS, INC., Appellant-Respondent. (Matter No. 2.) [825 NYS2d 715]—

In consolidated proceedings pursuant to Real Property Tax Law article 7 and a related action, inter alia, for a judgment declaring that school tax credits for tax years 1999 through 2002 issued by Nassau County to Steel Los III/Goya Foods, Inc., as a result of a reduction in the assessed value of its real property, cannot be used to reduce the amount of future payments-in-lieu-of-taxes payable by Steel Los III/Goya Foods, Inc., to Bethpage Union Free School District and to enjoin the Nassau County parties from applying those credits to reduce the 2004/2005 payments-in-lieu-of-taxes payable by Steel Los III/Goya Foods, Inc., to the Bethpage Union Free School District, (1) Steel Los III/Goya Foods, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Bucaria, J.), entered June 13, 2005, as granted those branches of the motion of Bethpage Union Free School District which were for leave to intervene in the proceeding and to vacate an order and judgment (one paper) of the same court (Rossetti, J.), dated November 5, 2003, to the extent of adding to that order and judgment a provision directing Nassau County to remit to Bethpage Union Free School District the full amount of the petitioner's 2004/2005 school payments-in-lieu-of-taxes levy without any reduction for credits issued to the petitioner by Nassau County and (2) the Board of Assessors, the Assessment Review Commission of the County of Nassau, Nassau County, Nassau County Industrial Development Agency, Nassau County Board of Assessors, Howard S. Weitzman, and Henry M. Dachowitz cross-appeal, as limited by their brief, from stated portions of the order and judgment entered June 13, 2005, which, among other things, declared that Nassau County's obligation under Nassau County Administrative Code § 6-26.0 (b) (3) applies to refunds of payments-in-lieu-of-taxes and that such refunds, whether in the form of a cash payment or credit, are charges of Nassau County, enjoined Nassau County from applying any credits issued to Steel Los III/Goya Foods, Inc., to reduce the amount of the 2004/2005 payments-in-lieu-of-taxes payable by Steel Los III/Goya Foods, Inc., to the Bethpage Union Free School District, and directed it to remit to Bethpage Union Free School District the full amount of 2004/2005 payments-in-lieu-of-taxes without any reductions.

Ordered that the order and judgment entered June 13, 2005, is affirmed insofar as appealed and cross-appealed from, with

one bill of costs payable to the Bethpage Union Free School District by the Board of Assessors, the Assessment Review Commission of the County of Nassau, Nassau County, Nassau County Industrial Development Agency, Nassau County Board of Assessors, Howard S. Weitzman, and Henry M. Dachowitz, and Steel Los III/Goya Foods, Inc., appearing separately and filing separate briefs.

A prior order and judgment dated November 5, 2003 (hereinafter the prior order), entered in these consolidated tax certiorari proceedings and a related action, improperly authorized Nassau County to shift the burden to the Bethpage Union Free School District (hereinafter the District) for credits due to Steel Los III/Goya Foods, Inc. (hereinafter Goya), resulting from a reduction in the assessed value of Goya's real property. The Supreme Court, therefore, properly granted the District's motion to intervene as of right in the tax certiorari proceedings and the related action and to vacate that portion of the prior order that improperly shifted the burden for that reduction from the County to the District (see CPLR 1012; *Plantech Hous. v Conlan*, 74 AD2d 920 [1980]; cf. *Matter of Pall Corp. v Board of Assessors of County of Nassau*, 19 AD3d 699 [2005]; *Vantage Petroleum v Board of Assessment Review of Town of Babylon*, 91 AD2d 1037 [1983], affd 61 NY2d 695 [1984]). In doing so, the Supreme Court, inter alia, correctly declared that the County's obligation under Nassau County Administrative Code § 6-26.0 (b) (3) is applicable to refunds of payments-in-lieu-of-taxes (hereinafter PILOT payments). Thus, it correctly concluded that any credits due to Goya for PILOT payments resulting from reductions in the assessment of its real property for the tax years 1999 through 2002 are charges of the County (see Nassau County Administrative Code § 6-26.0 [b] [3] [c]) and cannot be used to reduce future PILOT payments to the District.

The parties' remaining contentions are without merit. Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.