■ In the Matter of PALL CORP., Respondent, v BOARD OF ASSESSORS OF COUNTY OF NASSAU, et al., Respondents. PORT WASHINGTON UNION FREE SCHOOL DISTRICT, Intervenor-Appellant. [838 NYS2d 174]—

In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the intervenor, Port Washington Union Free School District, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, (McCabe, J.), dated May 5, 2006, as, upon remittitur from this Court (*see Matter of Pall Corp. v Board of Assessors of County of Nassau*, 19 AD3d 699 [2005]), denied that branch of its motion which was to permanently enjoin Pall Corp., Board of Assessors of County of Nassau, and Board of Assessment Review of County of Nassau from enforcing the terms of an order and judgment (one paper) dated September 9, 2002, that was entered in the proceeding.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to permanently enjoin Pall Corp., Board of Assessors of County of Nassau, and Board of Assessment Review of County of Nassau from enforcing the terms of the order and judgment dated September 9, 2002, is granted to the extent of directing that the Board of Assessors of County of Nassau and the Board of As-

sessment Review of County of Nassau shall remit to the intervenor the sum of $430,656.42, representing the amount of the credit provided to Pall Corp. against its payment of the second half of the 2002/2003 school tax levy, and the sum of $249,479.98, representing the amount of the credit provided to Pall Corp. against its payment of the first half of the 2003/2004 school tax levy, and the motion is otherwise denied.

Pursuant to an agreement dated July 29, 1993 (hereinafter the PILOT agreement), entered into between the petitioner, Pall Corp. (hereinafter Pall), and the Nassau County Industrial Development Agency (hereinafter the NCIDA), Pall transferred real property in Nassau County to the NCIDA taking back a leasehold interest in return for which the NCIDA agreed to provide financing to develop the property. Because the NCIDA is a tax-exempt public benefit corporation, the PILOT agreement provided that Pall would make certain payments-in-lieu-of-taxes (hereinafter PILOT payments) to "all taxing jurisdictions in which any part of the facility is located." The PILOT agreement also permitted Pall to institute review of the assessed value of the subject property pursuant to Real Property Tax Law article 7.

Pall commenced this tax certiorari proceeding to institute such review. The appellant, Port Washington Union Free School District (hereinafter the School District), sought to intervene in this proceeding after it was notified, inter alia, that Pall was entitled to certain credits in the total sum of $680,136.40 against future PILOT payments as a result of a settlement in the proceeding. These credits resulted in a shortfall to the School District's budget. The School District moved, inter alia, to permanently enjoin Pall and the Board of Assessors of County of Nassau and Board of Assessment Review of County of Nassau (hereinafter collectively the County) from enforcing the terms of an order and judgment (one paper) that was entered in the proceeding. The Supreme Court denied the motion. This Court reversed and remitted the matter to the Supreme Court, Nassau County, directing the court to resolve the outstanding issue of whether Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1939, chs 272, 701-709, as amended) applied to PILOT payments and thereafter, to redetermine the motion (*see Matter of Pall Corp. v Board of Assessors of County of Nassau,* 19 AD3d 699 [2005]).

Nassau County Administrative Code § 6-26.0 (b) (3) (c) (hereinafter the no-charge-back provision) requires Nassau County to absorb the cost of any tax refund or credit awarded to a petitioner in a tax certiorari proceeding (*see Matter of Bowery*

*Sav. Bank v Board of Assessors of County of Nassau*, 80 NY2d 961 [1992]; *see also Matter of Newbany Corp. v Board of Assessors*, 153 AD2d 696 [1989]; *cf. Matter of 1 Toms Point Lane Corp. v Board of Assessors*, 239 AD2d 503 [1997]; *Vantage Petroleum v Board of Assessment Review of Town of Babylon*, 91 AD2d 1037 [1983], *affd* 61 NY2d 695 [1984]). The issue to be resolved by the Supreme Court, on remittitur, was whether the no-charge-back provision was applicable to PILOT payments. The Supreme Court incorrectly concluded that it was not (*see Matter of Steel Los III/Goya Foods, Inc. v Board of Assessors of County of Nassau*, 35 AD3d 482, 484 [2006]).

The School District was improperly burdened with a shortfall in its school budget that was created by the credits awarded to Pall and applied against its future PILOT payments (*id.; cf. Matter of Bowery Sav. Bank v Board of Assessors of County of Nassau, supra* at 964-965; *Matter of 1 Toms Point Lane Corp. v Board of Assessors, supra*; *Matter of Newbany Corp. v Board of Assessors, supra* at 697; *Vantage Petroleum v Board of Assessment Review of Town of Babylon*, 91 AD2d 1037 [1983], *supra*). Accordingly, we must reverse the order insofar as appealed from and grant that branch of the School District's motion which was to permanently enjoin Pall and the County from enforcing the terms of the order and judgment to the extent of directing that the County shall remit to the School District the sum of $430,656.42, representing the amount of the credit provided to Pall against its payment of the second half of the 2002/2003 school tax levy, and the sum of $249,479.98, representing the amount of the credit provided to Pall against its payment of the first half of the 2003/2004 school tax levy. Spolzino, J.P., Skelos, Dillon and McCarthy, JJ., concur.