OPINION OF THE COURT
Bernard F. McCaffrey, J.
In this proceeding pursuant to CPLR article 78, petitioners seek to compel respondent, Board of Assessors of Nassau County, to cancel certain tax exemptions for school tax purposes, and correct the assessment rolls to reflect the elimination of those exemptions, and prohibit the said respondent from entering on any future assessment roll of property within the petitioner districts any tax exemption under section 485-b of the Real Property Tax Law unless the petitioner districts repeal or modify the resolutions previously filed.
In 1976, the Legislature enacted section 485-b of the Real Property Tax Law creating a declining 10-year tax exemption for “[r]eal property constructed, altered, installed or improved subsequent to the first day of July, nineteen hundred seventy-six for the purpose of commercial, business or industrial activity”. The exemption is for *468 50% of the increase in the assessed value attributable to the change and reduced by 5% in each of the succeeding 9 years of the 10-year period.
Subdivision 7 of section 485-b provides, inter alia, that “a school district which levies school taxes may, by resolution, reduce the per centum of exemption otherwise allowed pursuant to this section”.
The obvious purpose of the law was to provide encouragement by tax incentive to construct and improve commercial facilities within the State. Subdivision 7, however, provided a mode for taxing authorities to “opt out”.
Between September 14, 1976 and April 18, 1977, the petitioning school districts passed resolutions reducing or eliminating the exemptions prescribed by section 485-b. The resolutions were duly filed with the State Board of Equalization and Assessment. The respondent failed to eliminate the real property tax exemptions from the school districts’ assessment rolls, and claims that it is under no obligation to do so, since the petitioning school districts do not levy taxes and, thus, are not covered by the opt-out provision of subdivision 7.
The Nassau County Administrative Code (NCAC) provides the mode of levying school district taxes. It is a multistep process, in which the county takes two of the necessary steps, to wit: the extension of taxes (by the board of assessors; NCAC, § 6-21.0) and the annexation of the warrant (Nassau County Board of Supervisors; NCAC, § 6-22.0). The issue of which taxing authority “levies” for purposes of section 485-b was considered by the State Board of Equalization and Assessment (6 Opns of Counsel of St Bd of Equal & Assess, No. 85, p 179). The opinion finds (p 181) that, “the annexation of the warrant is a ministerial act done after a specified state of facts are presented to the county or town, which does not exercise judgment or discretion.” This finding was adopted by the State Comptroller in Opinion No. 81-342 (Opns St Comp, 1981, pp 374, 375), in which he reversed his conclusion in Opinion No. 76-1028 and said: “[I]t is our opinion that a school district in Nassau County may exercise the option to reduce the percentage of such exemptions.”
*469 This court agrees. To find otherwise would fly in the face of common sense and the legislative intent behind section 485-b, which was, according to the record of the proceedings in the State Assembly, to provide economic incentive for relatively large commercial undertakings in urban areas, as originally had been done by a similar, though more generous exemption, by Bill No. 10502-A, for New York City (Record of Proceeding, Assembly of the State of New York, May 20, 1976, pp 6240-6372), and not to penalize the school districts of Nassau County by preventing them from the same “opt-out” rights as those of other school districts State-wide. (See Memorandum of State Executive Department, McKinneys Session Laws of NY, 1976, p 2309, at p 2310.) “The primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 92, subd a.)
“While the construction of a statute is for the court * * * judicial construction is often aided by the way a statute is interpreted or understood by those whose business it is to operate thereunder, that is, by the public officers charged within its administration or enforcement.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 129, pp 270-271.)
Subdivision 7 of section 485-b was amended in 1977 to provide that, “exemptions existing prior in time to passage of any such local law or resolution shall not be subject to any such reduction so effected.” This amendment was effective as of July 6, 1977, after the resolutions at issue here were passed and filed. Since it is the finding of this court that the resolutions reducing the tax exemptions in the petitioning districts were valid and effective prior to the effective date of the statute’s amendment, the exemptions were extinct prior to that date and could not be saved by it.
The court is well aware of the decision in Board of Educ. v Town of Islip (15 AD2d 789) which indicated that the plaintiff school district did not have the legal capacity to sue, since it was not a party aggrieved by the assessor’s determination that MacArthur Airport was exempt from taxation. In this decision, the Appellate Division found that plaintiff school district had no power or duty with *470 respect to assessment or collection of taxes. This, of course, was years before the adoption of section 485-b of the Real Property Tax Law and the Court of Appeals decision in Newsday, Inc. v Town of Huntington (55 NY2d 272, affg 82 AD2d 245). The case dealt with section 485-b and specifically found that the language of the school board’s resolution withdrawing the exemption previously granted simply did not encompass the Newsday project. The holdings in the Court of Appeals and in the Appellate Division required a prior determination by the respective courts that the school district in question (Half-Hollow Hills Central School District of Huntington and Babylon) had the power to opt for or out of the exemption.
Indeed, at Special Term in the Newsday, Inc. v Town of Huntington case (103 Misc 2d 406) the court necessarily had to find the school board had the right to take the adverse action referred to when it said (p 415), “It would thus appear that in accordance with the purpose, intent and language of the statute, plaintiff became entitled to the tax exemption prior to the adverse action by the school board even though the exemption could not be formalized until the actual filing of the formal application or noted as a fact until the advent of the taxable status date.” Special Term specifically said, albeit in a postscript to its decision (p 416), “the court notes that it is not persuaded by the arguments of plaintiff and amicus curiae that the School District is not one which levies taxes and is therefore incapable of exercising the local option afforded by subdivision 7.” It might be noted that upon appeal the same contention, that is, “that the School District was not one which levies taxes and is therefore incapable of exercising the local option afforded by subdivision 7”, was raised but the concept was not adopted by either court.
As to the contention that the Nassau County Board of Supervisors is exclusively vested with the authority to levy the taxes required to raise the total amount of the revenue to meet the school district budget, the court notes that the board of supervisors plays no role in the assessing, raising or collecting of taxes. Although it affixes a warrant to the school districts’ assessment roll, the adoption by the board *471 of supervisors of a resolution to do this is a ministerial act, not requiring any discretion on its part.
Likewise, with respect to its role under the Nassau County Administrative Code (§ 6-24.0) the action to be taken by the board of supervisors appears to be mandated by the code.
As to the contention of the county that the time in which the assessment rolls may be corrected by the board of supervisors has expired, citing section 6-24.0 of the Nassau County Administrative Code, the papers reflect that the petitioners do not seek to recover retroactive damages from the county or from the affected property owners who were granted tax exemptions. All they seek is declaratory and prohibitive relief.
In view of all this, the court notes that the duty to assess omitted property is a continuing one. Thus, the petition is granted to the extent it seeks to compel the board of assessors to petition the board of supervisors to insert the appropriate entry on the assessment roll pursuant to section 6-24.0 of the Nassau County Administrative Code reflecting the petitioners school districts’ resolutions filed pursuant to section 485-b of the Real Property Tax Law.