OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition dismissed.
Real Property Tax Law § 485-b (L 1976, ch 278) permits the exemption from tax of "[r]eal property constructed, altered, installed or improved subsequent to the first day of July, nineteen hundred seventy-six for the purpose of commercial, business or industrial activity”. The permitted exemption in the first year is 50% of the increase in the assessed value attributable to the construction, alteration, installation or improvement. During each of the succeeding nine years the exemption is reduced by 5%. Section 485-b (7) permits a school district to reduce the tax exemption for school taxes to zero by a resolution filed with the State Board of Equalization and Assessment if the district levies school taxes.[1]
From September 14, 1976 to April 18, 1977 the petitioner school districts adopted and filed resolutions "opting out” of the tax exemptions provided by section 485-b. Copies of the resolutions were filed with both the State Board of Equalization and Assessment and the Board of Assessors. The Board refused to give effect to petitioners’ resolutions, contending that subdivision 7 did not authorize petitioners to "opt out” of the exemption because they are not school districts which "lev[y] taxes”. The trial court and the Appellate Division held that petitioners are school districts intended to be included in the statute.
The word levy has various meanings but the definition which this court has approved, and which it may be assumed the Legislature intended when it enacted section 485-b (7), is found in People ex rel. Oswego Falls Corp. v Foster (251 App Div 65, affd 278 NY 494). In that case we approved a ruling of the Appellate Division determining that to "levy taxes” was to do that which is necessary to authorize the collector to collect the tax, to extend them against the taxable property (id., p *705 68). In so ruling the Appellate Division held that the City of Fulton levied State and county taxes, although it collected only the amounts certified to it by the county and remitted them to the county, because the city extended the amounts certified to it by the Board of Supervisors for State and county tax purposes against the city tax rolls and actually collected the taxes. That authority was granted to the city by the Legislature when it enacted the city charter authorizing the city to collect the sums certified and, in the absence of payment, to advertise and sell the lands upon which the taxes remained unpaid.
Similarly, in this case the Legislature has by the enactment of the Nassau County Administrative Code (L 1939, ch 272) authorized the respondent to prepare the assessment roll for school districts (Nassau County Administrative Code § 6-19.0). Petitioners’ adopt their budgets, fix the amount of taxes to be raised[2] and certify those items to respondent Board, but the Board of Assessors extends the taxes on the assessment roll (Nassau County Administrative Code § 6-21.0). When the school district taxes have been extended, appellant certifies that fact to the Nassau County Board of Supervisors and provides those portions of the school district assessment rolls to which the warrants for the collection of taxes are to be annexed (Nassau County Administrative Code § 6-22.0). Thereupon, the Nassau County Board of Supervisors levies the school district taxes so extended by the Board of Assessors (Nassau County Administrative Code § 6-22.0). The warrants which command the town receivers of taxes to collect the taxes are annexed by the clerk of the Board of Supervisors and signed by the Nassau County Executive and sealed with the county seal (Nassau County Administrative Code § 5-11.0).
This statutory scheme is indistinguishable from the one described in the Oswego Falls Corp. case and compels reversal. Although petitioner school districts independently determine their budgets and the sums to be raised by real property taxes to meet those budgets, they do not levy taxes as that term has been legally defined. Accordingly, petitioners could not "opt *706 out” of the exemption provided by Real Property Tax Law § 485-b.
Insofar as our decision in Newsday, Inc. v Town of Huntington (55 NY2d 272) may be read as suggesting that petitioners do levy taxes, we would but note that although in that case respondent contended in its brief that respondent school district involved did not levy taxes within the meaning of section 485-b (7), the court decided the case on the ground that Newsday’s property was not encompassed within the school board’s "opting out” resolution because the construction preceded its adoption.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order reversed, with costs, and petition dismissed in a memorandum. Question certified not answered as unnecessary.

. The statute has been amended (see, L 1985, ch 512, § 1). Subdivision 7 now permits all school districts to opt out except those governed by Education Law article 52 (New York City, Buffalo, Rochester, Syracuse and Yonkers).

. Prior to July 26, 1982, the school districts were also required to determine the tax rate per $100 of assessed valuation and certify the same together with their budget to the Nassau County Board of Assessors (Nassau County Administrative Code § 6-20.0). By virtue of Local Law No. 6-1982, however, section 6-20.0 was amended to delete that provision for determination of a tax rate by school districts. By virtue of that amendment, the county by its Board of Supervisors sets the tax rate.