■ 510 JOINT VENTURE, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF HUNTINGTON et al., Respondents, and HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, Intervenor-Respondent.—In two proceedings pursuant to Real Property Tax Law article 7 to review assessments of certain real property, the petitioner appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cromarty, J.), dated April 20, 1986, as denied its motion for partial summary judgment on the issue of its right to a real property school tax exemption pursuant to Real Property Tax Law § 485-b, and (2) from so much of an order of the same court, dated May 16, 1986, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 20, 1986, is dismissed, as that order was superseded by the order dated May 16, 1986, made upon reargument; and it is further,

Ordered that the order dated May 16, 1986, is reversed insofar as appealed from, on the law, the petitioner's motion for partial summary judgment is granted, and the Board of Assessors of the Town of Huntington is directed to grant the petitioner's application for a partial exemption under Real Property Tax Law § 485-b with regard to school taxes and to refund to the petitioner any excess real property school taxes paid for the tax years in question by virtue of the improper denial of that exemption; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the intervenor-respondent.

In *Matter of Walker v Board of Assessors* (66 NY2d 702, 704, *rearg denied* 66 NY2d 1036), the Court of Appeals defined the term "levy taxes" as it is used in Real Property Tax Law § 485-b (former [7]) as "to do that which is necessary to authorize the collector to collect the tax, to extend them against the taxable property". Under the Suffolk County Tax Act, although each school district within Suffolk County computes, ascertains and adopts the tax rate necessary to raise the amount required for its budget *(see,* Suffolk County Tax Act § 7) and certifies that rate and the amount to be raised to

the Town Supervisor (see, Suffolk County Tax Act § 8), it is the Town Supervisor who extends upon the assessment roll the school tax against the taxable property in each school district (see, Suffolk County Tax Act § 11), and it is the County Legislature which causes the warrants for the collection of the taxes to be annexed to the assessment roll (see, Suffolk County Tax Act § 13 [a]). Thus, school districts within Suffolk County in general, and the intervenor Half Hollow Hills Central School District in particular, do not levy school taxes for the purposes of Real Property Tax Law § 485-b (former [7]), and thus lacked the power to reduce the school tax exemption pursuant to Real Property Tax Law § 485-b (former [7]) (see, Matter of Walker v Board of Assessors, supra; People ex rel. Oswego Falls Corp. v Foster, 251 App Div 65, affd 278 NY 494). Therefore, the intervenor school district was without authority to pass a 1979 resolution which purported to reduce to zero the percentage of the tax exemption provided by Real Property Tax Law § 485-b insofar as it related to that district's real property school taxes (see, Real Property Tax Law § 485-b [former (7)]). The State Legislature's 1985 amendment to section 485-b (see, L 1985, ch 512), which, among other things, permits all school districts except certain districts governed by Education Law article 52 to reduce the section 485-b exemption, does not alter this result (see, Matter of Walker v Board of Assessors, supra, at 704, n 1).

Also, without merit is the intervenor school district's contention that the issue of whether it is a school district which levies school taxes for purposes of Real Property Tax Law § 485-b (former [7]) was previously decided in Newsday, Inc. v Town of Huntington (55 NY2d 272) (see, Matter of Walker v Board of Assessors, supra, at 706). Since there is no indication that the property in question does not come within the provisions of Real Property Tax Law § 485-b or that the petitioner's application did not meet the statutory requirements, the petitioner should be granted the exemption provided under that section with regard to real property school taxes. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.