■ COLISEUM HOTEL ASSOCIATES, Appellant, v UNIONDALE UNION FREE SCHOOL DISTRICT No. 2 et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the plaintiff is entitled to a refund of excess taxes paid as a result of certain school district resolutions purporting to opt out of the tax exemptions provided by RPTL 485-b, which resolutions were held invalid by the Court of Appeals *(see, Matter of*

*Walker v Board of Assessors,* 66 NY2d 702), the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered July 9, 1987, as, upon the court's declaration that "protest [of tax payments] must have been exclusively evidenced by the commencement of proceedings pursuant to Article 7 of the Real Property Tax Law", denied that branch of its motion which was for summary judgment, *inter alia,* on the eleventh cause of action of the amended complaint for a refund of excess taxes paid as a result of the improper revocation of its exemptions, and dismissed that portion of the amended complaint.

Ordered that the order and judgment is modified, on the law, by (1) deleting so much of the ninth decretal paragraph thereof as declared that "protest of [tax payments] must have been exclusively evidenced by the commencement of proceedings pursuant to Article 7 of the Real Property Tax Law", (2) deleting the tenth decretal paragraph thereof which dismissed "the demand for the relief of plaintiff's [amended] complaint that seeks refund of taxes overpaid for the years in which the exemption afforded by Section 485-b of the Real Property Tax Law was not extended" and reinstating that portion of the amended complaint insofar as it is asserted against the county defendants, and (3) adding a provision thereto declaring that the Uniondale Union Free School District No. 2 is not liable for tax refunds; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the action against the defendants Board of Assessors of the County of Nassau and County of Nassau is severed and their time to serve an answer to the amended complaint is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The factual and procedural history of this case is described in this court's decision in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]).

In view of the fact that the plaintiff herein commenced a declaratory judgment action challenging the assessments in question in June 1984, it sufficiently protested tax payments made subsequent thereto and while the action was still pending *(see, Corporate Prop. Investors v Board of Assessors, supra).* However, we cannot decide that branch of the plaintiff's motion which was for summary judgment on the issue of refund liability as against the county defendants since there has not been joinder of issue with respect to these defendants

*(see, Corporate Prop. Investors v Board of Assessors, supra).* In light of this determination, we do not consider the effect of Laws of 1989 (ch 702) on the county defendants' liability, if any.

We have examined the parties' remaining contentions and find that they are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.