■ CORPORATE PROPERTY INVESTORS et al., Appellants-Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Respondents, and GARDEN CITY UNION FREE SCHOOL DISTRICT No. 18 et al., Respondents-Appellants.—In an action, *inter alia,* for a judgment declaring that the plaintiffs are entitled to a refund of excess taxes paid as a result of certain school district resolutions purporting to opt out of the tax exemptions provided by RPTL 485-b, which resolutions were held invalid by the Court of Appeals *(see, Matter of Walker v Board of Assessors,* 66 NY2d 702), (1) the plaintiffs appeal, as limited by their notice of appeal and brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), dated July 17, 1987, which, *inter alia,* upon its declaration that "protest [of tax payments] must have been exclusively evidenced by the commencement of proceedings pursuant to Article 7 of the Real Property Tax Law", denied so much of that branch of their motion which was for summary judgment on the fifth cause of action of the amended complaint for refunds to Allan Rose, Ellison Associates, and Garden City Enterprises of excess taxes paid as a result of the improper revocation of their exemptions and, upon searching the record, dismissed that cause of action, and denied prejudgment interest on the award of tax refunds to the plaintiffs Corporate Property Investors, Avis Rent-A-Car Systems, Kermit Enterprises, William Ronnerman, and Darby Drug, and (2) the defendant school districts cross-appeal from stated portions of the same order and judgment which, *inter alia,* denied their motions to dismiss the amended complaint insofar as it is asserted against them and declared them liable for the tax refunds awarded the plaintiffs.

Ordered that the order and judgment is modified, on the law, (1) by deleting so much of the twenty-second decretal paragraph thereof as declared that protest of payment of taxes for the 1983/1984, 1984/1985, and 1985/1986 tax years "must have been exclusively evidenced by the commencement

of proceedings pursuant to Article 7 of the Real Property Tax Law", and (2) by deleting so much of the twenty-third decretal paragraph thereof as dismissed "the prong of the demand for relief of the amended complaint that seeks refund of taxes overpaid for the 1983/84, 1984/85 and 1985/86 tax years" by the plaintiffs Allan Rose, Ellison Associates, and Garden City Enterprises and reinstating that portion of the amended complaint; as so modified the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order and judgment is reversed insofar as cross-appealed from, on the law, without costs or disbursements, the motions to dismiss are granted, the fifteenth through twenty-first and the twenty-fifth decretal paragraphs of the order and judgment are deleted, and the application of Citibank N.A. and Darby Drug to renew the plaintiffs' motion for summary judgment is granted, and, upon renewal, summary judgment is denied and it is declared that the defendant school districts are not liable for tax refunds; and it is further,

Ordered that the action against the defendants the Board of Assessors of the County of Nassau and the County of Nassau is severed and their time to serve an answer to the amended complaint is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

RPTL 485-b (1) creates a partial declining 10-year exemption from tax imposed upon "[r]eal property constructed, altered, installed or improved subsequent to the first day of July, nineteen hundred seventy-six for the purpose of commercial, business or industrial activity" (L 1976, ch 278, § 1). The exemption is intended to provide an incentive to stimulate business and industrial activity (see, Newsday, Inc. v Town of Huntington, 82 AD2d 245, 246, affd 55 NY2d 272). Prior to its amendment in 1985 (see, L 1985, ch 512, § 1), RPTL 485-b (former [7]) gave municipalities, including "a school district which levies school taxes", the option of eliminating the exemption and thereby making it unavailable to taxpayers, by adopting a resolution to that effect and filing it with the State Board of Equalization and Assessment (hereinafter the SBEA).

During 1976 and 1977 more than 20 school districts in Nassau County filed resolutions with the SBEA and the Board of Assessors of the County of Nassau (hereinafter the Board of Assessors) purporting to "opt out" of the RPTL 485-b exemption scheme. The Board of Assessors initially refused to recognize those resolutions on the ground that school districts in Nassau County do not levy school taxes and therefore could

not elect to "opt out" of the exemption scheme. As a result, eligible taxpayers were afforded exemptions through the 1981/1982 tax year.

In June 1982, however, seven of the school districts commenced a proceeding pursuant to CPLR article 78 to compel the Board of Assessors to recognize their "opting out" resolutions by eliminating the RPTL 485-b exemptions granted to over 50 taxpayers (see, Matter of Walker v Board of Assessors, 118 Misc 2d 467). The trial court held that the Nassau County school districts levy taxes within the meaning of the statute and were therefore authorized to "opt out" of the exemption scheme (see, Matter of Walker v Board of Assessors, supra).

Although the 1983/1984 tentative assessment roll filed by Nassau County on May 1, 1983 reflected the RPTL 485-b exemptions previously granted eligible taxpayers, in August 1983 the Board of Assessors was compelled to remove the RPTL 485-b exemptions from the final 1983/1984 assessment roll with respect to the commercial properties located in the seven petitioning school districts pursuant to the trial court's decision in Walker. The trial court subsequently denied the motions of 19 affected taxpayers, including the plaintiffs herein, to vacate its decision and for leave to intervene in the Walker proceeding, "without prejudice to the commencement by the moving parties of a plenary action for a declaratory judgment * * * declaring they are entitled to partial real property tax exemptions pursuant to RPTL 485-b". Thereafter, several Nassau County taxpayers, including the plaintiffs herein, commenced declaratory judgment actions against the Board of Assessors, the County of Nassau, and the seven Walker school districts seeking, inter alia, reinstatement of the RPTL 485-b exemptions and tax refunds for the years in which they were denied such exemptions.

While the declaratory judgment actions commenced by the taxpayers were still pending, this court affirmed the trial court's decision in Walker (see, Matter of Walker v Board of Assessors, 103 AD2d 580) and granted the Board of Assessors permission to appeal to the Court of Appeals. On October 17, 1985, the Court of Appeals reversed this court's decision in Walker, finding that school districts in Nassau County do not levy taxes and consequently are without the authority to opt out of the RPTL 485-b exemption scheme (see, Matter of Walker v Board of Assessors, 66 NY2d 702, supra).

Following the decision of the Court of Appeals, the severed plaintiffs in the declaratory judgment actions were granted

leave to amend their complaints to assert tax refund claims against the county defendants and/or the school districts for each year in which they had been denied the exemption provided by RPTL 485-b. Thereafter, the plaintiffs moved, *inter alia,* for summary judgment on their amended complaints based upon the decision of the Court of Appeals in *Walker (supra),* the school districts cross-moved to dismiss the actions as against them on the ground, *inter alia,* that refunds should be precluded as a matter of public policy, and alternatively, that the Nassau County Administrative Code makes the County of Nassau and not the school districts statutorily liable for tax refunds, and the county defendants cross-moved to dismiss the actions as against them on the ground, *inter alia,* that refund liability should lie with the school districts since they were responsible for the removal of the exemptions.

In pertinent part, the Supreme Court granted summary judgment awarding refunds only to those plaintiffs which had also filed RPTL article 7 petitions in the years for which refunds were sought, reasoning that the commencement of declaratory judgment actions or other legal proceedings did not constitute sufficient protests of the payment of taxes. Further, although the Supreme Court recognized that a "literal" reading of the Nassau County Administrative Code placed liability for the tax refunds upon the county defendants, it held the school districts liable for the tax refunds as a matter of "equity".

We find that the Supreme Court correctly determined that policy considerations did not preclude the award of tax refunds *(see, Gandolfi v City of Yonkers,* 101 AD2d 188, 197-198; *see also, 510 Joint Venture v Board of Assessors,* 129 AD2d 675).

The Supreme Court erred, however, in imposing liability for the tax refunds upon the school districts in contravention of the clear legislative mandate of the Nassau County Administrative Code, which provides in pertinent part: "Notwithstanding any provisions of this chapter, or any other general or special law to the contrary, any deficiency existing or hereafter arising from a decrease in an assessment of tax * * * *or by reason of exemptions or reductions of assessments shall be a county charge"* (Nassau County Administrative Code § 6-26.0 [b] [3] [c] [emphasis supplied]; *see,* L 1948, ch 851, § 2). Since this provision relieves the school districts from liability for the tax refunds in question *(see, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, 1038-1039, *affd* 61 NY2d 695, citing *Matter of Sperry Rand Corp. v Board of Assessors,*

77 AD2d 822), we need not consider the effect of Laws of 1989 (ch 702) with respect to these defendants' liability. Accordingly, the motion of the school districts to dismiss the action as against them should have been granted.

Turning to the issue of entitlement of the respective taxpayers to refunds, we note that it is incumbent upon the taxpayer to establish appropriate legal protest prior to or at the time of payment as a prerequisite to recovery in an action seeking refunds (see, e.g., City of Rochester v Chiarella, 58 NY2d 316, 323; Zuckerman v City of New York, 49 NY2d 557, 562; Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 419-420; Angelone v City of Rochester, 72 AD2d 445, 448-450, affd 52 NY2d 982; Bethlehem Steel Corp. v Board of Educ., 61 AD2d 147, 166-167, affd 44 NY2d 831, 835). "Where protest has been interposed, the municipality is notified that it may be obliged to refund the taxes and is required to be prepared to meet that contingency" (Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 426). We agree with the contention of the appellants Allan Rose, Ellison Associates and Garden City Enterprises that under the "totality of the circumstances" the commencement of declaratory judgment actions "to set aside or otherwise challenge the assessment before payment" constituted sufficient protest to place the county defendants on notice of their tax refund claims arising from the alleged improper revocation of their tax exemptions (City of Rochester v Chiarella, supra, at 325-326, citing People ex rel. Wessell, Nickel & Gross v Craig, 236 NY 100; Purssell v Mayor of City of N. Y., 85 NY 330). Although protest must ordinarily be made at the time of payment for each year in which recovery is sought (see, Riverdale Country School v City of New York, 13 AD2d 103, affd 11 NY2d 741), we find that the pendency of either a declaratory judgment action or other legal proceeding challenging the assessment which is still pending at the time of payment in each year in which recovery is sought satisfies that requirement (see, City of Rochester v Chiarella, supra, at 325, citing People ex rel. Wessell, Nickel & Gross v Craig, 236 NY 100, supra; Purssell v Mayor of City of N. Y., supra).

Equally incorrect is the Supreme Court's finding that a tax certiorari proceeding pursuant to RPTL article 7 was the exclusive procedure for recovery of the taxes improperly collected since the law of this State provides "otherwise" (see, RPTL 700 [1]). Although review of the denial of a partial exemption must generally be by way of a tax certiorari proceeding, the Court of Appeals has described certain limited

exceptions to that rule. In *Hewlett Assocs. v City of New York* (57 NY2d 356, 364-365), the Court of Appeals held that the taxpayer could properly challenge the allegedly improper removal of a previously granted exemption by way of a proceeding pursuant to CPLR article 78 and an action for declaratory judgment, reasoning as follows:

"[I]n *Matter of Watchtower Bible & Tract Soc. of N. Y. v Lewisohn* (35 NY2d 92), we held an article 78 proceeding to be an appropriate method of challenging the taxing authority's action in withdrawing a previously afforded exemption, notwithstanding the fact that if the tax exemption were restored, it would only be a partial exemption. We noted that, under these circumstances, the matter did not involve a review of a tax assessment on grounds of partial exemption, for *the apportionment between the taxable and exempt portions of the property had been previously determined* and had not been challenged. The only relief sought was to have the taxing authority remove from the tax rolls property previously held to be exempt.

"To the extent that appellants herein seek restoration of the 12% exemption for combined commercial, community facility and accessory use space, which exemption was *previously granted but later withdrawn by the taxing authority,* the case falls squarely within the holding of *Watchtower Bible & Tract,* and resort to tax certiorari proceedings was not required. Although appellants' alternative claim to total exemption for accessory use space, which was never granted by the city, does not fall within that holding, we nevertheless conclude that, under the circumstances presented in this case, the relief sought may be pursued in the manner in which appellants have proceeded. Appellants are seeking *only a legal interpretation of an exemption statute as to which no factual question is presented,* and that interpretation is sought in connection with a claim properly brought by way of article 78 proceeding or declaratory judgment action. In this limited situation, we hold that appellants are not relegated to tax certiorari proceedings to seek review of the city's alleged wrongful denial of the accessory use space exemption" (emphasis supplied).

Similarly, the matter before us involves a challenge to the authority of the county defendants to remove partial exemptions previously granted. No factual question regarding the apportionment between the taxable and exempt portions of the property is presented, but only issues of law *(Hewlett Assocs. v City of New York, supra,* at 364; *Matter of Watch-*

*tower Bible & Tract Socy. v Lewisohn,* 35 NY2d 92; *cf., Stabile v Half Hollow Hills Cent. School Dist.,* 83 AD2d 945). In these circumstances, neither declaratory judgment actions nor proceedings pursuant to CPLR article 78 are inappropriate to obtain the relief sought.

In view of the fact that the plaintiffs Allan Rose, Ellison Associates, and Garden City Enterprises sought relief in the instant declaratory judgment action in December 1983, we find that they have sufficiently protested tax payments subsequent thereto and while the action was still pending. However, we cannot now decide whether they are entitled to summary judgment against the county defendants on the issue of refund liability since, in lieu of serving an answer, these defendants successfully moved in 1984 to dismiss those causes of action asserted against them in the original complaint. Although the plaintiffs were subsequently granted leave to amend the complaint to assert a cause of action for refunds against the county defendants in light of the Court of Appeals decision in *Walker (supra),* the county defendants again proceeded by motion to dismiss rather than service of their answer. Consequently, summary judgment on the fifth cause of action asserted in the amended complaint for refunds of excess taxes paid as a result of the improper revocation of the exemption is inappropriate at this juncture because there has not been joinder of issue vis-à-vis the county defendants *(see,* CPLR 3211 [c]; 3212 [a]; *Milk v Gottschalk,* 29 AD2d 698). In light of this determination, we do not consider the effect of Laws of 1989 (ch 702) on the county defendants' liability, if any.

As to the plaintiffs Corporate Property Investors, Avis Rent-A-Car Systems, Kermit Enterprises, William Ronnerman and Darby Drug, so much of the order and judgment that awarded them tax refunds against the school districts must be reversed. With respect to the other plaintiffs, whether or not they are entitled to tax refunds as against the county defendants cannot be decided at this juncture in the proceeding. In light of our determination, we need not address the issues as to whether or not they would be entitled to prejudgment interest on any tax refund awarded to them, or the effect of Laws of 1989 (ch 702) on the county defendants' liability, if any.

The other contentions of the parties have been considered and found to be without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.