■ CORPORATE PROPERTY INVESTORS et al., Appellants, v UN-IONDALE UNION FREE SCHOOL DISTRICT No. 2 et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Assessors of the County of Nassau, dated August 1, 1985, which, *inter alia,* denied the petitioners' application for a school tax exemption provided by Real Property Tax Law § 485-b, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), dated June 18, 1987, as dismissed that branch of the petition which was for a tax refund for the 1985/1986 tax year.

Ordered that the order and judgment is modified, on the law, by deleting so much of the fourth decretal paragraph thereof as dismissed that branch of the petition which was for a tax refund for the 1985/1986 tax year insofar as it is asserted against Board of Assessors of the County of Nassau, and that branch of the petition is reinstated against the Board of Assessors of the County of Nassau; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the time for the respondent Board of Assessors of Nassau County to serve an answer to the reinstated branch of the petition is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

The antecedent factual and procedural history of this case is described, in part, in this court's decision in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]).

On or about April 30, 1985, the petitioners filed an application with the Board of Assessors of the County of Nassau (hereinafter the Board) for a school tax exemption pursuant to RPTL 485-b, effective as of the 1985/1986 tax year. By letter dated August 1, 1985, they were apprised that the Board had denied their application because "the property is located in a school district that is in litigation with Nassau County as the result of a lawsuit *[Matter of Walker v Board of Assessors,* 118 Misc 2d 467]".

Following the decision of the Court of Appeals in *Matter of Walker v Board of Assessors* (66 NY2d 702), the petitioners timely commenced the instant proceeding against the Board and the Uniondale Union Free School District No. 2 challenging the denial of their application for a school tax exemption. The petition also requested a refund of any excess school taxes paid by reason of the denial of the exemption.

The Board moved to dismiss the proceeding on the ground, *inter alia,* that the petition failed to state a cause of action against it. The school district moved to dismiss the proceeding on the ground, *inter alia,* that the petitioners were not entitled to the exemption as a result of a recent amendment to RPTL 485-b making the completion of construction on the real property a prerequisite to eligibility for such an exemption *(see,* L 1985, ch 512, § 1, adding RPTL 485-b [2] [b] [3]).

The Supreme Court found that the petitioners were entitled to the school tax exemption provided by RPTL 485-b and granted the petition to the extent that the Board was directed to implement the exemption prospectively. However, the court dismissed the refund claim asserted in the petition on the ground that the petitioners had failed to protest payment of tax "in any manner sufficient to give notice to respondents".

Under the circumstances of this case, a proceeding pursuant to CPLR article 78 is an appropriate vehicle to obtain the relief sought *(see, Corporate Prop. Investors v Board of Assessors, supra).*

The Supreme Court properly found that whether the petitioners were entitled to an exemption was not affected by the 1985 amendment to RPTL 485-b, effective July 24, 1985 (L 1985, ch 512, § 1). It is well settled that "[a]s a general rule statutes are to be construed as prospective only in the absence of an unequivocal expression of a legislative intent to the contrary, and where a statute directs that it is to take effect immediately, it does not have any retroactive operation or effect" *(Murphy v Board of Educ.,* 104 AD2d 796, 797, *affd* 64 NY2d 856). It is undisputed that the petitioners' property was under construction when it submitted its application for an exemption on or about April 30, 1985, prior to both the effective date of the amendment and the May taxable status date (RPTL 302; Nassau County Administrative Code § 6-2.1).

However, the Supreme Court erred in dismissing the refund claim for the 1985/1986 tax year on the ground that the petitioners had failed to protest the payment of taxes. In view of the fact that the petitioners commenced the instant proceeding challenging the assessments in question on or about November 25, 1985, they sufficiently protested any tax payments made subsequent thereto and while the proceeding was still pending *(see, Corporate Prop. Investors v Board of Assessors, supra).* Accordingly, reinstatement of the refund claim asserted in the petition insofar as it is asserted against the Board of Assessors of the County of Nassau is appropriate. At

this procedural juncture, we need not consider the effect of Laws of 1989 (ch 702) on the Board's liability, if any. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.