■ RECKSON ASSOCIATES, Appellant-Respondent, v UNIONDALE UNION FREE SCHOOL DISTRICT No. 2, Respondent-Appellant, and BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the plaintiff is entitled to a refund of excess taxes paid as a result of certain school district resolutions purporting to opt out of the tax exemptions provided by RPTL 485-b, which resolutions were held invalid by the Court of Appeals *(see, Matter of Walker v Board of Assessors,* 66 NY2d 702), the plaintiff appeals, as limited by its notice of appeal and brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), dated July 17, 1987, which, *inter alia,* (1) upon the court's declaration that "protest [of tax payments] must have been exclusively evidenced by the commencement of a proceeding to review the assessed value of the property pursuant to Article 7 of the Real Property Tax Law", denied that branch of its motion which was for summary judgment, *inter alia,* on so much of the fourth cause of action of the amended complaint which was for a refund of excess taxes paid for the 1983/1984 tax year as a result of the improper revocation of its exemptions, and, upon searching the record, dismissed that portion of the amended complaint, and (2) failed to direct the payment of prejudgment interest on the award of refunds for the 1984/1985 and 1985/1986 tax years, and the Uniondale Union Free School District No. 2 cross-appeals, as limited by its brief, from stated portions of the same order and judgment, which, *inter alia,* denied its motion to dismiss the action as against it for failure to state a cause of action and imposed liability upon it for the tax refunds awarded the plaintiff.

Ordered that the order and judgment is modified, on the law, (1) by deleting so much of the fourteenth decretal paragraph thereof as declared that "protest of [tax payments] must have been exclusively evidenced by the commencement of a proceeding to review the assessed value of the property pursuant to Article 7 of the Real Property Tax Law", and (2) by deleting the fifteenth decretal paragraph thereof which dismissed "the demand for the relief of plaintiff's complaint that seeks refund of taxes overpaid for the 1983/84 tax year in which the exemption afforded by Section 485-b of the Real Property Tax Law was not extended" and reinstating that portion of the amended complaint; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order and judgment is reversed insofar as cross-appealed from, on the law, without costs or disbursements, the second, ninth and tenth decretal paragraphs thereof are deleted, the motion to dismiss is granted, and it is declared that the Uniondale Union Free School District No. 2 is not liable for tax refunds; and it is further,

Ordered that the action against the defendants Board of Assessors of the County of Nassau and County of Nassau is severed and their time to serve an answer to the amended complaint is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The factual and procedural history of this case is described in this court's decision in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]).

We initially note that the Supreme Court erred in denying the motion of the school district to dismiss the action as against it inasmuch as Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves school districts from liability for the tax refunds in question *(see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review*, 91 AD2d 1037, 1038-1039, *affd* 61 NY2d 695, citing *Matter of Sperry Rand Corp. v Board of Assessors*, 77 AD2d 822).

In view of the fact that the plaintiff herein commenced a declaratory judgment action challenging the assessments in question in January 1984, we find that it sufficiently protested tax payments made subsequent thereto and while the action was still pending *(see, Corporate Prop. Investors v Board of Assessors, supra)*. However, we cannot decide that branch of the plaintiff's motion which was for the alternative relief of

summary judgment on the issue of refund liability against the county defendants since there has not been joinder of issue with respect to those defendants *(see, Corporate Prop. Investors v Board of Assessors, supra)*. In light of this determination, we do not consider the effect of the Laws of 1989 (ch 702) on the county defendants' liability, if any.

We have examined the parties' remaining contentions which are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.