OPINION OF THE COURT
Memorandum.
In each matter, the judgment of Supreme Court. and the order of the Appellate Division brought up for review should be affirmed, with costs.
In their present posture, these appeals present only one *964 issue for the Court’s resolution: whether the respondent County is liable for tax refunds to plaintiffs and petitioners.* The issue arises because of a prior disagreement between the County and several school districts within the County over the school district’s power to "opt out” of a tax exemption scheme permitted by Real Property Tax Law § 485-b. Over the County’s objection, the school boards insisted they had the right to opt out. The Appellate Division sustained the school districts’ contention and subsequently ordered the County to remove the partial exemptions of the litigating taxpayers from the tax assessment rolls (see, Matter of Walker v Board of Assessors, 103 AD2d 580). On appeal, this Court reversed, holding that the school districts had no authority to opt out of the exemptions (see, Matter of Walker v Board of Assessors, 66 NY2d 702, revg 103 AD2d 580, supra). Consequently, the exemptions had been improperly removed, and the present petitioners and plaintiffs, affected taxpayers, commenced these actions seeking refunds for the taxes they had paid during the years in which their exemptions were wrongfully denied.
Section 6-26.0 (b) (3) (c) of the Nassau County Administrative Code, the relevant statute, provides:
"(c) Notwithstanding any provisions of this chapter, or any other general or special law to the contrary, any deficiency existing or hereafter arising from a decrease in an assessment or tax under subdivisions one, four and seven of section 6-24.0, or sections 6-12.0 or 5-72.0 of the code, or by reason of exemptions or reductions of assessments shall be a county charge” (emphasis added).
The statute’s unambiguous language requires that the County be held liable for the tax refunds inasmuch as "deficiencies] existing or hereafter arising * * * by reason of exemptions * * * shall be a county charge.” The result is consistent with the statutory taxing scheme existing in Nassau County. The County Board of Assessors exclusively prepares the assessment rolls for State, county, town, special district and school taxes and, consistent with these responsibilities, the Legislature imposed responsibility for all taxing errors emanating from these assessment rolls solely upon the County (see, Assembly Mem in Support of Bill, Bill Jacket, L 1948, ch 851, at 8-9). The County, therefore, should bear the *965 burden of paying to the litigating taxpayers the refunds necessitated by the erroneous removal of their exemptions from the tax rolls.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
In each case: Judgment of Supreme Court and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.

 A review of the lengthy history of these cases is set forth in Corporate Prop. Investors v Board of Assessors (153 AD2d 656).