■ CORPORATE PROPERTY INVESTORS et al., Plaintiffs, and GARDEN CITY ENTERPRISES, Respondent-Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants-Respondents, et al., Defendants. [610 NYS2d 549] —In an action, inter alia, for a judgment directing the defendants Board of Assessors of the County of Nassau and the County of Nassau to refund any excess real property taxes paid by the plaintiff Garden City Enterprises as a result of certain school district resolutions purporting to opt out of the tax exemptions provided by RPTL 485-b, which were held to be invalid by the Court of Appeals (see, Matter of Walker v Board of Assessors, 66 NY2d 702), (1) the defendants Board of Assessors of the County of Nassau and the County of Nassau appeal from order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered July 29, 1991, which, upon remittitur from this Court, inter alia, granted the plaintiffs' motion for summary judgment, and (2) the plaintiff Garden City Enterprises cross appeals, as limited by its notice of appeal and brief, from so much of the same order and judgment as failed to correct its taxable assessments for the first half of the 1983/1984 tax year and failed to order a corresponding refund, with interest.

Ordered that the appeal of the defendants Board of Assessors of the County of Nassau and the County of Nassau is dismissed as abandoned; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

The factual and procedural history of this case is described in this Court's decision and order in Corporate Prop. Investors v Board of Assessors (153 AD2d 656, affd on other grounds 80 NY2d 961).

On the prior appeal, the plaintiffs, including Garden City

Enterprises, argued that they had sufficiently protested the elimination of the RPTL 485-b tax exemption granted to them by moving to intervene in the case of *Matter of Walker v Board of Assessors* (118 Misc 2d 467, *affd* 103 AD2d 580, *revd* 66 NY2d 702, *supra*), a proceeding to compel the Nassau County Board of Assessors to recognize the elimination of the RPTL 485-b tax exemption for school tax purposes. Thus, the plaintiffs argued that they would be entitled to a refund of any subsequent taxes paid as a result of the erroneous elimination of the RPTL 485-b tax exemption. We held that only the plaintiffs' commencement of a declaratory judgment action or other legal proceeding was a sufficient protest to place the county defendants on notice of the plaintiffs' tax refund claims. Also, we noted in our decision and order that we found the parties' remaining contentions to be without merit.

Our finding that the plaintiffs' motion to intervene in the *Walker* case was not a sufficient protest to entitle them to a refund of excess taxes paid as a result of the elimination of the RPTL 485-b tax exemption is the law of the case *(see, Martin v City of Cohoes,* 37 NY2d 162; *Carole A. v City of New York,* 169 AD2d 800; *Stokes v County of Suffolk,* 63 AD2d 645). Moreover, we find no extraordinary circumstances in this case which would merit a departure from that doctrine *(see, Foley v Roche,* 86 AD2d 887). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.